UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

_____

Steven Robert Lisse                                                    Case Number: 3:16-cv-00617-wmc
      Debtor-Appellant

v.

HSBC Bank USA, National Association for the Benefit
of ACE Securities Corp. Home Equity Loan Trust, Series
2006-NC3, Asset Backed Pass-Through Certificates,
      Claimant-Appellee

_____

MOTION FOR ORDER REQUIRING DELIVERY OF DOCUMENT TO COURT
BY "CONVENTIONAL FILING" AND FOR PRESERVATION OF EVIDENCE OF
VIOLATIONS OF 18 U.S.C. §§152, 157, 1341, 1343, and 1962

_____

**NOW COMES** the Appellant Steven Robert Lisse (Mr. Lisse), by his attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, and respectfully moves the Court to enter the Order which follows for the reasons set forth herein.

    1.  Mr. Lisse incorporates by reference as if fully set forth herein, the October 4, 2016 Report Pursuant to 18 U.S.C. § 4 and Exhibits A, B, C and D attached thereto, attached to this Motion and incorporated by reference herein.

    2.  In accordance with the oral Order of Judge Robert D. Martin on July 18, 2016 evidentiary hearing on the Appellee's Objection to Confirmation of Mr. Lisse's Plan in the Chapter 13 proceedings entitled *In re Steven Robert Lisse*, Case No. 16-10935 at T. 37:23-38:20 (Exhibit D) and the representation of Attorney Kenneth Bach at ¶ 2 of the Appellee's Designation of Record on Appeal (Doc. 79) (Exhibit C), the document purporting to be the "Original Note" must be "conventionally filed" with the Court forthwith.

1

3. "Conventionally filed" means that the document purporting to be the "Original Note" must be delivered to the Clerk of the United States District Court for the Western District of Wisconsin to be placed and maintained in the court's records in these proceedings.

4. The document presented as evidence at the July 18, 2016 evidentiary hearing on the Appellee's Objection to Confirmation of Mr. Lisse's Plan in the Chapter 13 proceedings entitled *In re Steven Robert Lisse*, Case No. 16-10935 (WIWB Case No. 16-10935) has been determined by expert examination to be forgery and is evidence of alleged criminal misconduct in violation of Title 18 of the United States Code, including, but not limited to, 18 U.S.C. §§152, 157, 1341, 1343, and 1962.

5. The said document is also evidence of alleged violations of the Wisconsin Criminal Code, including, but not limited to Wis. Stats. §§ 943.38 and 946.80, et seq.

6. According to Exhibit A attached hereto and incorporated by reference herein, further and additional scientific testing may yield additional evidence concerning the forgery such as the relative age of the creation of the document and possibly the source of its creation.

7. The following agencies of the United States of America have jurisdiction over the crimes reported to the Chief Judge of the United States District Court for the Western District of Wisconsin on even date herewith: the Federal Bureau of Investigation (FBI), the Office of the Postal Inspector, and the United States Secret Service.

8. The Dane County Sheriff's Department, the Office of the Dane County District Attorney, the Division of Criminal Investigation of the Wisconsin Department of Justice, have an interest in the evidence which may be obtained by further scientific testing of the subject document because the document is also alleged to have been presented to the Dane County

2

Circuit Court in the case entitled *HSBC Bank USA, National Association for the Benefit of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates v. Steven R. Lisse and Sondra Lisse*, Case No. 2010CV002642, now pending on appeal in Appeal No. 2015AP000273 (automatically stayed by the pending Chapter 13 Petition of Sondra Kay Lisse in Case No. 15-12556).

9.  Mr. Lisse and Sondra Kay Lisse (Ms. Lisse) have an interest in the pursuit of civil claims pursuant to 18 U.S.C. sec. 1964( c) and Wis. Stats. sec. 946.87(4) in which the subject document is evidence.

10.  Further and additionally, Mr. and Ms. Lisse have an interest in the subject document and in preserving the chain of custody of the subject document under Wis. Stats. § 968.02(3) even if the Dane County District Attorney declines to prosecute the alleged criminal misconduct under Wis. Stats. §§ 943.38 and 946.80, et seq.

11.  Further and additionally, Ms. Lisse, now proceeding in the Chapter 13 Case entitled *In re Sondra Kay Lisse* as Case No. 16-12556 (WIWB Case No. 16-12556) , has an interest in the subject document and in preserving the chain of custody of the subject document under as evidence in pending evidentiary proceedings on the Appellee's objection to confirmation of her Chapter 13 Plan in WIWB Case No. 16-12556 and the adversary proceeding she anticipates filing in due course under 28 U.S.C. §§ 1334, 157(b)(2)( C) and (K) and Fed. R. Bankr. P. 7001, et seq.  Mr. Lisse is entitled to move to intervene in the adversary proceedings to be filed by Ms. Lisse.

12.  Mr. Lisse moves the Court to enter the Order which follows to preserve the evidence consisting of the subject document purporting to be the "Original Note" required the document to

be held in the Court record when presented for "conventional filing," which may be released from the custody of the United States District Court for the Western District of Wisconsin and returned to the Clerk of this Court, subject to strict preservation of the chain of custody thereof only–

    a. For examination and scientific testing at the direction of the United States Attorney for the Western District of Wisconsin to one or more of the following law enforcement agencies: the Federal Bureau of Investigation (FBI); the Office of the Postal Inspector; the United States Secret Service; the Division of Criminal Investigation of the Wisconsin Department of Justice; the Dane County Sheriff's Department; and

    b. For use as evidence for prosecution of the crimes or related civil proceedings by the Office of the United States Attorney; the Wisconsin Department of Justice; the Dane County District Attorney; or Steven Robert Lisse and/or Sondra Kay Lisse pursuant to Wis. Stats. § 968.02(3) and/or 18 U.S.C. sec. 1964 and/or 28 U.S.C. § 1334, 28 U.S.C. §157(b)(2) and Fed. R. Bankr. P. 7001, et seq.

    c. Only an authenticated electronic copy of the document purporting to be the "Original Note" may be transmitted to the Seventh Circuit Court of Appeals and the United States Supreme Court in connection with any Petition for Writ of Certiorari.

    d. The document may be released for presentation in evidence in proceedings in the Dane County Circuit Court (civil or criminal), pursuant to further Order of this Court, provided that only an authenticated copy of the document purporting to be the "Original Note" may be retained in the record of the proceedings in the Dane County Circuit Court (civil or criminal) and transmitted on appeal to the Wisconsin Court of Appeals and the Wisconsin Supreme Court on

Petition for Review.

  13. After the uses specified in ¶ 12, above, the document purporting to be the "Original Note" should be retained and preserved by the Clerk of the United States District Court for the Western District of Wisconsin and should not be released to the attorney for the Appellee for return to the Appellee, its agents, successors or assignees for further circulation in commerce.

  14. This Court has the authority to enter the Order in the form which follows or similar thereto in the event that no objection is filed because the Appellee has been ordered to and has agreed to deliver the subject document to the Court as set forth above.

  15. This Court has the authority to enter the Order in the form which follows or similar thereto in the event that no objection is filed because the transmission of the subject document to the United States Bankruptcy Court for the Western District of Wisconsin by wire in support of Proof of Claim No. 2 in WIWB Case No. 16-10935 is an apparent violation of 18 U.S.C. §§152, 157 and 1343.

  16. If an Objection is filed, Mr. Lisse will file his reply in accordance with the rules of this Court.

  **WHEREFORE**, Mr. Lisse moves the Court to enter an Order  Order submitted herewith in the form which follows or similar thereto in the event that there is no objection filed in accordance with the notice requirements of this Court.

Dated at Madison, Wisconsin this 4th day of October, 2016.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (612) 206-3170
E-mail: accesslegalservices@gmail.com
WI BAR #1017043

**DECLARATION UNDER PENALTY OF PERJURY**

Wendy Alison Nora declares under penalty of perjury pursuant to 28 U.S.C. §1746 that Exhibits A, B, C and D submitted herewith are true and correct copies of what they purport to be.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora

**DECLARATION OF SERVICE**

Wendy Alison Nora declares, under penalty of perjury, that she filed the foregoing Motion by CM/ECF on October 4, 2016 and thereby served all parties capable of service by CM/ECF, along with the proposed Order submitted herewith.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora