UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

Steven Robert Lisse                                              Case Number: 3:16-cv-00617-wmc
    Debtor-Appellant

v.

HSBC Bank USA, National Association for the Benefit
of ACE Securities Corp. Home Equity Loan Trust, Series
2006-NC3, Asset Backed Pass-Through Certificates,
    Claimant-Appellee

---

BRIEF IN REPLY TO RESPONSE OF ATTORNEY KENNETH BACH ON BEHALF OF
PURPORTED APPELLEE TO APPELLANT'S MOTION FOR STAY UNDER
FED. R. BANKR. 8018(a) CROSS-FILED WITH MOTION FOR SUMMARY REVERSAL

---

## INTRODUCTION

Appellant Steven Robert Lisse (Mr. Lisse) respectfully replies to the November 4, 2016 Response of the Purported Appellee (App. Doc. 11) to his October 27, 2016 Motion for Stay File Appellant's Initial Brief (the October 27, 2016 Motion) for good cause shown (App. Doc. 9). The Purported Appellee has entirely failed to address matters upon which Appellant relies as good cause for the requested stay of the deadline to file Appellant's Initial Brief under Fed. R. Bankr. P. 8018(a)(1), again attempting to force the Appellant, over Appellant's clear and consistent objection, to make alternative arguments in his Initial Brief which is due to be filed on November 7, 2016, absent an order granting the stay of the deadline to file the Initial Brief requested on October 27, 2016 (App. Doc. 9).

Appellant respectfully asserts that he cannot be fairly required to address the issues he has identified for this appeal within the short time remaining for filing his Initial Brief under Fed. R.

1

Bankr. P. 8018(a)(1), absent the stay requested for good cause shown requested under Fed. R. Bankr. P. 8018(a), which provides that this Court may, by order, excuse the filing of the Initial Brief now due to be filed on November 7, 2016 or specify different time limits.  Based on what is now clearly be shown to be the bad faith manipulation of these proceedings by a party without standing to appear in these proceedings in the Bankruptcy Court or on this appeal, this Court must grant Appellant's Motion to Stay the Deadline for the Appellant to file his Initial Brief, so that he may address all of his issues on appeal, in the event that this Court does not grant Appellant's Motion for Summary Reversal of the August 22, 2016 Order of Dismissal (Doc. 68) concurrently filed herewith.

## ARGUMENT

**I. The purported Appellee, claiming to be a *secured* creditor of the Appellant, relies on a forged Assignment of Mortgage and copies of a forged document purporting to be the "Original Note" and has thereby committed fraud upon the Appellant, his legitimate creditors and the Bankruptcy Court, requiring summary reversal of the August 22, 2016 Order of Dismissal.**

There can no longer be any doubt that Attorney Kenneth Bach, holding himself out to be the attorney for the purported Appellee as a *secured* creditor, knows that the copy of the document identified the "Original Note" is a forgery.  Copies of forged document are in the court record as "Creditor's Exhibit 1" on July 8, 2016 (Doc. 45-1) and attached to Proof of Claim No. 2 (Judicial Notice Requested), signed by Attorney Bach and filed on July 13, 2016. It can no longer be reasonably disputed that the document presented to the Bankruptcy Court on July 18, 2016 as the "Original Note" is a forgery.

By refusing to file the "Original Note" in the record on appeal, as required by Judge Martin in the event of an appeal (Transcript of the July 18, 2016 hearing at T. 38:17-20) and

designated for the record by the "Appellee" (Doc. 79), Attorney Bach has admitted by his conduct that the document purporting to be the "Original Note" is a forgery.  See Rule 801(a) and (d)(2)(D) and/or (E) of the Federal Rules of Evidence.  Furthermore, the ultimate fact that the "Original Note" is established by Exhibit A to the Mandatory Report of Steven Robert Lisse, Larry R. Wickstrom and Wendy Alison Nora Pursuant to 18 U.S.C. § 4 (the Mandatory Report), App. Doc. 2-2, and Exhibit A to the October 5, 2016 Motion for Order Requiring Delivery of Document to Court by "Conventional Filing" and for Preservation of Evidence of Violations of 18 U.S.C. §§152, 157, 1341, 1343, and 1962 by Appellant Steven Robert Lisse (the October 5, 2016 Motion), App. Doc. 3-2.  The opinion of Expert Witness Larry R. Wickstrom, whose report has not been challenged by the "Appellee" establishes the ultimate fact that the document purporting to be the "Original Note" which "Appellee" claims to possess is a forgery, absent objection to its admissibility on grounds other than its expression of an opinion of ultimate fact. Rule 704(a).  The expert's opinion is uncontroverted in the record on appeal.

    Appellant extended the opportunity to counsel for the "Appellee" to choose to withdraw its reliance on the forged document from the record by simply accepting that it lacks standing to proceed on appeal.  If "Appellee" were to persist in relying upon a forged document purporting to be the "Original Note," the forged document would have to be produced and preserved for evidence in further and additional proceedings.  Counsel for the "Appellee" chose neither option extended to it.  Instead, he seeks to limit the Appellant's issues on appeal in his November 4, 2016 (signed) Motion to Amend the Appellee's Designation of Record on Appeal (Motion to Amend), Doc. 13 for which no motion is necessary, intending to burden the Appellant with having to make alternative arguments on appeal or having a delayed determination of the

deadline for filing the Appellant's Initial Brief on the very eve of the filing of deadline for filing the Appellant's Initial Brief, due absent the requested stay, on November 7, 2016.

While a purported creditor in a bankruptcy case which is identified as an appellee has the right to amend its designation of record,[1] without any leave of court whatsover, particularly where the Appellant has made no objection to the amendment, it does not have the right to frame the issues on appeal for an appellant.  Counsel for the purported *secured* creditor attempts to do exactly that by asserting, "The only issues on appeal are whether the court erred in denying confirmation and dismissing the case" (Opposition to Motion for Extension, Doc. 11, paragraph 4).  Appellant's issues for appeal are set forth in its Statement of Issues, filed pursuant to Fed. R. Bankr. P. 8009(a)(1)(A), Doc. 76, and, in addition to other issues, sets forth the following issues:

> 1.   DUE PROCESS VIOLATION: Mr. Lisse was denied notice and opportunity to be heard prior to the *sua sponte* dismissal of his Chapter 13 Petition in violation of his rights to procedural due process guaranteed by the Fifth Amendment to the *United States Constitution*.
> . . .
> 3.   SUA SPONTE DISMISSAL OF THE CHAPTER 13 PETITION: The Court erred as a matter of law in dismissing Mr. Lisse's Chapter 13 Petition *sua sponte*, without providing Mr. Lisse with notice and opportunity to be heard.
> . . .
> 5.   THE PURPORTED OBJECTOR  LACKED STANDING:  The purported objecting entity, identified as "HSBC Bank USA, N.A., for the Benefit of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates" failed to establish its standing to object to the confirmation of Mr. Lisse's  Chapter 13 proceedings by any admissible evidence.
> . . .
> 6.  THE EVIDENCE OF STANDING IS A FORGED DOCUMENT: The purported objecting entity, through Attorney Kenneth Bach, presented a document in the possession of Attorney Bach which Attorney Bach knew or should have known was a forgery at the time he presented the document to the Court.
> . . .

---

[1] Fed. R. Bankr. P. 8009(a)(2) provides that an appellee *may* file a Designation of Record on appeal, whereas an appellant is required to do so.

>9.  ERROR OF FACT: The Court erred as a matter of fact in finding that the purported objecting entity, "HSBC Bank USA, N.A., for the Benefit of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates" had standing to seek the relief it requested in these proceedings.
>. . .
>10. ERROR OF LAW: The Court erred as a matter of law in concluding that the purported objecting entity, "HSBC Bank USA, N.A., for the Benefit of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates" had standing to seek the relief it requested in these proceedings.

Pretending that the production of forged documents to the United States Bankruptcy Court for the Western District of Wisconsin is "irrelevant," counsel for the "Appellee" nevertheless continues to rely on the forged document purporting to be the "Original Note" as the basis for its participation in this appeal.  Footnote 1 of Appellee's November 4, 2016 Opposition to Appellant's Motion for Stay of the Briefing Deadline at App. Doc. 11 reads:

>[1] Appellee has standing as a creditor by virtue of being the holder of an instrument, executed by Appellant, and which has been endorsed in blank.

The time has come to put an end to the fraud being committed on Mr. Lisse, his legitimate creditors, the Bankruptcy Court and this Court by the filing of forged documents as evidence in these proceedings by "Appellee" and its counsel.  While the Motion for Stay of the Deadline for Filing Appellant's Initial Brief on appeal remains pending,  Appellant concurrently moves for summary reversal of the August 22, 2016 Order of Dismissal entered by the Bankruptcy Court (Doc. 68) and for remand to the Bankruptcy Court with instructions to allow Mr. Lisse to file his Second Amended Chapter 13 Plan in a form substantially similar to the Chapter 13 Plan filed by Mr. Lisse's co-debtor, Sondra Kay Lisse, in Case No. 16-12566 as Doc. 33 (November 6, 2016 Request for Judicial Notice, Exhibit 2) based on admitted and uncontroverted fraud on the Court by the purported Appellee and its attorney/agent, Attorney

Kenneth W. Bach of Johnson, Blumberg & Associates, LLC.

**II. There is no entity with standing to proceed as Appellee on appeal, which requires summary reversal of the August 22, 2016 Order of Dismissal.**

It is the duty of a federal court to determine its jurisdiction in every case. *Warth v. Seldin*, 422 U.S. 490, 508, 95 S.Ct. 2197 2210, 45 L.Ed.2d 343 (1975). The Court is not a party to proceedings before and is not entitled to act when a stranger to the proceedings[2] raises an issue without standing to claim relief.[3] Standing to seek relief is a constitutional requirement under Article III, Section 2 of the *United States Constitution. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Even where there is constitutional standing, there must also be prudential standing. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004). See also *In re Veal*, 450 B.R. 897, 906-907 (B.A.P. 9th Cir., 2011). In order to object to the confirmation of Mr. Lisse's Chapter 13 Plan, the "Appellee" was required to have constitutional and prudential standing to appear and seek relief before the Bankruptcy Court. "Appellee" must also have standing to appear and proceed before this Court on appeal.

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the Supreme Court of the United States held:

---

[2] The capacity of the purported Appellee is also challenged. HSBC Bank USA, N.A. claims to be proceeding "for the Benefit of of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates," objecting to being identified in the only capacity which it could legitimately claim and attempt to prove, which would be as Trustee of the ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3. See Exhibit 7 (Doc. 46-7) July 18, 2016 Transcript at T. 24:1-11.

[3] All of Appellant's Statement of Issues, including Issues 1 and 3 will be briefed in the event that this Court determines that there is an actual case and controversy before it as required by Article Three, Section 2 of the *Constitution of the United States*. At the present time, it is the Appellant's position that there is no party with lawful standing before this Court to oppose reversal and remand of the August 22, 2016 Order of Dismissal.

. . . One of those landmarks, setting apart the "Cases" and "Controversies" that are of the justiciable sort referred to in Article III—"serv[ing] to identify those disputes which are appropriately resolved through the judicial process," *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 1722-1723, 109 L.Ed.2d 135 (1990)—is the doctrine of standing. Though some of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. See, e.g., *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315 3324, 82 L.Ed.2d 556 (1984).

Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements: First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally-protected interest which is (a) concrete and particularized, see *id.*, at 756, 104 S.Ct., at 3327; *Warth v. Seldin*, 422 U.S. 490, 508, 95 S.Ct. 2197 2210, 45 L.Ed.2d 343 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740-741, n. 16, 92 S.Ct. 1361, 1368-1369, n. 16, 31 L.Ed.2d 636 (1972); 1 and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" *Whitmore*, supra, 495 U.S., at 155, 110 S.Ct., at 1723 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660 1665, 75 L.Ed.2d 675 (1983)). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Simon v. Eastern Kentucky Welfare* [561] *Rights Org.*, 426 U.S. 26, 41-42, 96 S.Ct. 1917 1926, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.*, at 38, 43, 96 S.Ct., at 1924, 1926.

The party invoking federal jurisdiction bears the burden of establishing these elements. See *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990); *Warth*, supra, 422 U.S., at 508, 95 S.Ct., at 2210. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.

Counsel for the Appellee writes, on November 4, 2016, "The only issues on appeal are whether the court erred in denying confirmation and dismissing the case." While the purported Appellee has complete control over its Designation of Record on Appeal (subject to its standing to appear and proceed) and, in fact, need designate no record on appeal whatsover,[4] it has no

---

[4] Fed. R. Bankr. P. 8009(a)(2)

control over the Appellant's Statement of Issues on Appeal, except, perhaps, to file a timely, formal objection to the Appellant's Statement of Issues, which Appellant filed on September 15, 2016 at Doc. 76, which it has not done.

The purported Appellee did not have standing to object to the confirmation of Mr. Lisse's Chapter 13 Plan, has not established its standing to proceed on appeal, and attempts to entirely disregard the well-founded and now uncontroverted ultimate fact that whatever the true identity[5] of the entity claiming a security interest in Mr. Lisse's home and the right to receive payments as a *secured* creditor, that entity relies on a forged document purporting to be the "Original Note" for proof of its standing.

Mr. Lisse's Statement of Issue No. 6 on appeal reads:

> 6. THE EVIDENCE OF STANDING IS A FORGED DOCUMENT: The purported objecting entity, through Attorney Kenneth Bach, presented a document in the possession of Attorney Bach which Attorney Bach knew or should have known was a forgery at the time he presented the document to the Court.

The purported Appellee (or whatever entity counsel for the entity appearing in the challenged capacity of HSBC Bank USA, National Association for the Benefit of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates) has no standing limit the Appellant's issues on appeal.

Because the "Original Note" is a forgery, Appellant is entitled to summary reversal of the

---

[5] The claimed capacity of "HSBC Bank USA, National Association for the Benefit of ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates" was also challenged in the Bankruptcy Court. The actual identity of the entity for which HSBC Bank USA, N.A. may be acting in the capacity as "trustee" is believed to be ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, but counsel for the purported Appellee objected to the admission of evidence by Mr. Lisse as to the true identity in which "Appellee" might claim the capacity to proceed.

August 22, 2016 Order dismissing his Chapter 13 proceedings because there is no secured creditor with an interest in the confirmation of the Chapter 13 Plan.  Mr. Lisse reserves theright to seek his attorney's fees and costs as sanctions for the use of false evidence, injunctive relief against the continuation of proceedings against his home based on a forged document, in having the right to seek damages under federal RICO (18 U.S.C. sec. 1961, et seq.) and Wisconsin WOCCA (Wis. Stats. sec. 946.80, et seq.), state common law torts, other federal statutory torts, as well as criminal penalties which might be pursued as described in the Mandatory Report and October 5, 2016 Motion.

If purported Appellee were to concede that it no longer relies on its contention that it is in possession of the "Original Note," it has no standing before this Court on appeal. In *Clapper v. Amnesty Int'l United States*, 133 S.Ct. 1138, 1143, 185 L.Ed.2d 264, 81 USLW 4121 (2013),[6] the United States Supreme Court held," . . . respondents cannot manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending. We therefore hold that respondents lack Article III standing."  The manufacture of a forged document as evidence of indebtedness to be filed in support of a Proof of Claim in bankruptcy is a federal felony in violation of 18 U.S.C. sec. 152(4).  Reliance upon a forged document to object to Mr. Lisse's Chapter 13 Plan violates 18 U.S.C. sec. 157(2) and (3).

The entity purporting to be HSBC Bank USA, National Association for the Benefit of

---

[6] *Clapper*, supra, was decided on February 26, 2014, approximately four (4) months before the evidence that the injury found to be "hypothetical" was shown to be impending by the publication of disclosures of Edward Snowden.  Here, "Appellee" has been shown to have manufactured evidence of its standing by creating a forged document, transmitting a redacted copy of the forgery by wire twice (on July 8, 2016 as Doc. 45-1 and as Part 2 of Proof of Claim No. 2 on July 13, 2016.  The ultimate fact of the forgery has not been controverted.

ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates has no standing to appear and proceed on this appeal. Yet, apparently remorseless and unrepentant, counsel for the purported Appellee objects to this Court staying the Appellant's Initial Brief to allow the purported Appellee to abandon its reliance on forged documents in the record of these proceedings.[7] Therefore, Appellant concurrently moves for reversal and remand of the Order of Dismissal and reinstatement of Mr. Lisse's Chapter 13 proceedings with instructions to allow Mr. Lisse to file a Second Amended Plan before confirmation as allowed by 11 U.S.C. sec. 1323 in substantially the same form as the Chapter 13 Plan of Sondra Kay Lisse (Doc. 33) in Case No. 16-12566, Exhibit 2 to Appellant's November 6, 2016 Request for Judicial Notice.

**III. Appellant's Motion for Stay of Deadline to File his Initial Brief remains pending.**

The purported Appellee is not lawfully before the Court on appeal. It relies on forged documents as evidence of its claimed status as a *secured* creditor in a nonexistent capacity, to wit, "for the Benefit of . . . Certificates." In the event that this Court denies the concurrently-filed Motion for Summary Reversal, Appellant must be allowed to file his Initial Brief within 30 days after the November 4, 2016 Response (App. Doc. 11) to Appellant's Motion for Stay (App. Doc. 9), November 4, 2016 being the date upon which it became clear that "Appellee" intends to continue to rely on forged documents as evidence of its standing to proceed on appeal. Appellant disregards the purported Appellee's Motion to Amend its Designation of Record and

---

[7] The two (2) forged documents are the Assignment of Mortgage executed on June 7, 2010 by BAC Home Loan Servicing, LP employee Cody Mahon (R. Docs. 46-4 and 46-5; Proof of Claim No. 2, Part 5) and the now uncontroverted forgery purporting to be the "Original Note" (R. Doc. 45-1; Proof of Claim No. 2, Part 3)

acknowledges that "Appellee" will not surrender custody of the forged "Original Note" to this Court as evidence of its claimed standing.

## CONCLUSION

Appellant must be allowed to file his Initial Brief on or before December 5, 2016 in the event that the Court denies Appellant's concurrently-filed Motion for Summary Reversal of the August 22, 2016 Order of Dismissal for fraud on the Court by the "Appellee" and its lack of standing.

Dated at Madison, Wisconsin 7th day of November, 2016.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
Facsimile: (612) 206-3170
E-mail: accesslegalservices@gmail.com
WI BAR #1017043

## DECLARATION OF SERVICE

Wendy Alison Nora declares, under penalty of perjury, that she filed the foregoing Brief on Reply to the "Appellee's" Response by CM/ECF on November 7, 2016 and thereby served all parties capable of service by CM/ECF.

*/s/ Wendy Alison Nora*
_____
Wendy Alison Nora