IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN ROBERT LISSE,

                           Appellant,                    OPINION AND ORDER

v.

                                                           16-cv-617-wmc

HSBC BANK USA, NATIONAL
ASSOCIATION FOR THE BENEFIT OF ACE
SECURITIES CORP. HOME EQUITY LOAN
TRUST, SERIES 2006-NC3, ASSET BACKED
PASS THROUGH CERTIFICATES,

                           Appellee.

---

Steven Robert Lisse appeals from the bankruptcy court's *sua sponte* dismissal of his Chapter 13 bankruptcy petition on grounds that the plan was filed in bad faith. Pending before the court are a number of motions that this order resolves.

## BACKGROUND

At the hearing on the proposed plan, appellant challenged the standing of appellee, HSBC Bank USA to object to the plan, as he would now again on appeal. The bankruptcy court made the following statements regarding standing at the hearing before explaining the reasons for dismissal:

> The issue today is the confirmation of a plan. We are considering the plan that is before the Court and it comes to us in a slightly strange situation because the objection is to the standing of a party to object. And the importance of that is reduced somewhat by the Court's own ability to raise issues *sua sponte*.

(7/18/16 Hr'g Tr. (dkt. #2-5) at 50:6-12.) On its own authority, the bankruptcy court

then ruled on the merits of the Chapter 13 petition.

As an initial matter, appellant has filed a "Motion for Order Requiring Delivery of Document to Court by Conventional Filing and for Preservation of Evidence" (dkt. #3), which seeks to require appellee to file with the clerk of court the document that it presented to the bankruptcy court during the hearing -- the original note for the purpose of establishing standing as a creditor. According to appellant, the motion is consistent with an "oral order" by Bankruptcy Judge Martin at the time appellee's counsel presented the original note, stating "[y]ou're responsible for filing the originals of which you've provided copies should an appeal be taken." (7/18/16 Hr'g Tr. (dkt. #2-5) at 38:17-19.)

In contrast, appellee designated that note be made part of the record in this appeal, but now moves for leave to file an amended designation removing it. (Dkt. #13.) Appellee explains that it initially designated the note based on a mistaken belief that Federal Rule of Bankruptcy Procedure 8009 requires all trial exhibits to be made part of the appellate record. *See* Fed. R. Bnkr. Pro. 8009(a)(4) (not including trial exhibits as items that must be included in the record). Appellee further argues that Judge Martin's statement was not an order, while conceding that the district court may on appeal order that additional items be made part of the record.[1] *See id.* ("The record on appeal must include . . . any additional items from the record that the court where the appeal is pending orders.").

Finally, in support of his motion, appellant attaches an affidavit and report from a document examiner, who opines that the original note presented to the bankruptcy court

---

[1] Appellee adds that the bankruptcy court sustained its objection to appellant's proposed order of dismissal, which included language that would have required the note to be included in the record. (Mtn. for Leave to File Amended Designation (dkt. #13) ¶ 9.)

2

was forged. (Dkt. #2-2.) Appellant goes even further afield, asserting that the filing of the original note and its preservation by the clerk is required for possible federal and state criminal investigations, as well as Lisse's possible pursuit of civil claims against appellee that may arise out of the forged note. Appellant argues that because of these possible federal criminal violations, as well as the bankruptcy court's order and appellee's designation of the note as part of the record, this court should exercise its "authority" to grant his motion.

OPINION

Neither party has shown a need for the relief requested in their motions before the court considers the merits of Lisse's bankruptcy appeal. Accordingly, both will be denied in part and granted in part. To the extent that the authenticity of the note is somehow material to Lisse's appeal, whether the original note must be designated as part of the record or filed with the clerk of court can be addressed in deciding the merits on appeal. Indeed, given the limited helpfulness of the parties' briefs in support of their motions, those issues regarding the note will be better decided with the court having an understanding of appellant's basis for challenging the bankruptcy court's dismissal order. In the meantime, appellee will be directed to file a color copy of the disputed note and to maintain the original in a secure place.

For the same reasons, appellant's pending motion for summary reversal and remand based on his assertions that appellee fraudulently manufactured standing to object to his Chapter 13 plan (dkt. #16) will also be denied, as will appellee's motion to dismiss for lack of prosecution (dkt. #21). The bankruptcy court's *sua sponte* action would appear to moot

3

appellant's standing to objection in any event, but both parties may brief any arguments related to appellee's standing, along with any other issues raised by this appeal consistent with the deadlines in the amended schedule set forth below.

ORDER

IT IS ORDERED that:

1) Appellant's "motion for an order requiring conventional filing and preservation of evidence" (dkt. #3) and appellee's motion for leave to file an amended designation of the record on appeal (dkt. #13) are DENIED IN PART AND GRANTED IN PART.

2) Appellee shall file a color copy of the disputed note and to maintain the original in a secure place

3) Appellant's motion to stay the deadline for filing his opening brief pending his motion for conventional filing (dkt. #9) is DENIED AS MOOT.

4) Appellant's motion for summary reversal and remand (dkt. #16) is DENIED.

5) Appellee's motion to dismiss for failure to prosecute (dkt. #21) is DENIED.

6) The briefing schedule is amended as follows: appellant's opening brief is due October 2, 2017, appellee's response brief is due October 23, 2017, and appellant's reply brief is due October 30, 2017.

Entered this 1st day of September, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge