IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

STEVEN ROBERT LISSE,

    Debtor-Appellant,                                            ORDER

    v.                                                                16-cv-617-wmc

HSBC BANK USA, NATIONAL ASSOCIATION
FOR THE BENEFIT OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST, SERIES 2006-NC3,
ASSET BACKED PASS-THROUGH CERTIFICATES,

    Creditor-Appellee.
_____

       The court is in receipt of appellant's motion for stay (dkt. #27), as well as attorney Wendy Alison Nora's *ex parte* submission of her medical documentation supporting the request for a 90-day stay and then an additional 30 days to file an opening brief. (*See* dkt. #34). Typically, such a proffer of medical information would be enough to justify a requested stay. Unfortunately, there is nothing typical about Attorney Nora, who has a history of frivolous and dilatory tactics recognized by this and other courts. *See In re Nora*, 778 F.3d 662 (7th Cir. 2015) (finding sanctions warranted against Nora because "her arguments in this appeal were motivated by improper purposes"); *Spencer v. Fed. Home Loan Mortg. Corp.*, Nos. 15-cv-332-wmc, 15-cv-327-wmc, 2015 U.S. Dist. LEXIS 96663, at *1-*2 (W.D.W.I. July 24, 2015) (Conley, J.) (noting that "each appeal appears motivated by the goal to further delay a warranted state court foreclosure" and that "[t]he bankruptcy court, this court and the Seventh Circuit are all familiar with debtor Sheila Spencer and her attorney Wendy Alison Nora's efforts to delay foreclosure on Spencer's home.");

1

*Rinaldi v. HSBC Bank USA, N.A.*, Nos. 13-cv-336-JPS, 13-CV-643-JPS, 2014 U.S. Dist. LEXIS 182089 (E.D.W.I. April 9, 2014) (concluding court "ha[d] no choice but to impose sanctions" because its prior order noted that "any further frivolous submissions *will* result in an award of appropriate sanctions against the Rinaldis' attorney"), *aff'd* 778 F.3d 672 (7th Cir. 2015); *In re Schmid*, 494 B.R. 737, 748 (W.D.W.I Bankr. 2013) ("At every turn, the Debtor has sought delays of these proceedings . . . ."); *In re Disciplinary Action Against Nora*, 450 N.W.2d 328 (Minn. 1990) (suspending Attorney Nora for misconduct in three cases, including one in which "the litigation was undertaken to buy time and to delay efforts to recover certain farm land").

As amply documented in appellee's response, cause for skepticism is further fueled by its torturous, now seven-year quest to obtain and enforce a judgment of foreclosure on the Lisses' home, which Attorney Nora has successfully delayed by various maneuvers in state and now federal court, most recently by petition for review by the Wisconsin Supreme Court and "tag-team" bankruptcy filings by the appellant and his wife. Indeed, even before this court, Attorney Nora has successfully dragged out the briefing on the merits by satellite skirmishes, of which her current motion may well be the latest. Indeed, Attorney Nora has now taken the time to file a "response" to appellee's response to her motion because it contains a request that factual representations be struck in the first twelve paragraphs of Lisse's motion, which in fairness reads like an opening appellate brief, demonstrating that her diagnosis of "intermittent symptoms of mild" Traumatic Brain Injury ("TBI") caused by a fall on January 17, 2017, has not to date prevented her from carrying on her practice of law in two states. Of course, her condition may still require her cessation of her practice

2

altogether for 90 days for her symptoms to resolve fully, as indicated by the four sentence letter written "To Whom It May Concern" by her neurologist.

Further complicating this matter are the related appeals involving Lisse's wife (17-cv-206-jdp, 17-cv-207-jdp, 17-cv-208-jdp), which were consolidated with each other before Judge Peterson, but not with this case. All of these appeals, including the one before me, involve: 5701 Leanne Lane McFarland, WI 53558, (*compare* 17-cv-206-jdp dkt. #7-10, *with* 16-cv-617-wmc dkt. #26); appear to involve the same or similar issues; same or similar objections by HSBC Bank USA, N.A. for the benefit of (or as Trustee, in trust for the registered holders of) Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates (*compare generally* 17-cv-206-jdp docket *with* 16-cv-617-wmc docket *and* 16-bk-12556-cjf Dkt. #42 *with* 16-bk-10935-cjf Dkt. #34); and efforts by the respective debtors to challenge the validity of the same note (and its assignment to HSBC) (*compare* 17-cv-206-jdp dkt. #6 at 10-11 *with* 16-cv-617-wmc dkt. #27 at 2-3), despite the decision of the Dane County Circuit Court that HSBC was the holder of the note with standing to enforce the same, *see HSBC Bank USA, N.A. v. Lisse*, 367 Wis. 2d 749, 877 N.W.2d 650 (Ct. App. 2016) (unpublished) (affirming Circuit Court decision). They have another common denominator: in all appeals, Attorney Nora is representing the appellants.

Despite the court's skepticism, it is in no more position than appellee to second guess the medical opinion of Ms. Nora's neurologist. Accordingly, the court will GRANT the pending motion as follows:

(1) This matter is stayed until December 20, 2017, with appellant's brief due January 19, 2018.

(2) No further extensions will be granted to Attorney Nora absent new, extraordinary circumstances. As a consequence, if there is any possibility that she will be unable to complete and file appellant's brief by that date, whether for medical reasons or otherwise, she should promptly notify her client and encourage him to retain new counsel, with the understanding that the court will dismiss this bankruptcy appeal unless a supporting brief is filed on or before the deadline, whether by Attorney Nora, new counsel, or the appellant pro se.

(3) Appellee will have 30 days to file its response after the initial brief is served, and there will be no reply brief unless specifically requested by the court.

(4) Appellant's request for judicial notice (dkt. #35) is DENIED AS MOOT and appellee's request to strike portions of appellant's pleading (dkt. #38) is DENIED.

(5) Counsel is to advise the court promptly of any action on the pending petition for review to the Wisconsin Supreme Court.

(6) Attorney Nora is directed to provide a copy of this order to her client.

Entered this 20th day of September, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge