IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN ROBERT LISSE,

          Debtor-Appellant,

v.

HSBC BANK USA, NATIONAL ASSOCIATION
FOR THE BENFIT OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST, SERIES 2006-NC3,
ASSET BACKED PASS-THROUGH CERTIFICATES,

          Creditor-Appellee.

ORDER

16-cv-617-wmc

---

At some point, an attorney's efforts to vindicate her client's rights cross the line between zealous advocacy and abuse of process. This is such a case.

The court will not recount in detail the tortured history of HSBC's efforts to collect on its mortgage, other than to say that the debtor and his counsel have managed, against all odds, to make the bank a more sympathetic figure in this home foreclosure saga. *See Lisse v. Select Portfolio Servicing, Inc.*, Nos. 17-cv-206-jdp, 17-cv-207-jdp, 17-cv-208-jdp, 2017 U.S. Dist. LEXIS 200196, at *6-*10 (W.D. Wis. Dec. 5, 2017); *HSBC Bank USA ex rel. Ace Secs. Corp. v. Lisse,* 2016 WI App. 26 ¶¶ 1-9 (unpublished), *review denied* 2017 WI 90 ¶ 1 (unpublished) (; *see also* dkt. #42 at 2-3; dkt. #43-1 at 2). Here, appellant even concedes that his current appeal "involve[s] the same fundamental issue" as the related appeals filed by his wife, which was already addressed and rejected by Judge Peterson. *See Lisse*, 2017 U.S. Dist. LEXIS 200196, at *12-*18.

At this point, the debtor's sole purpose appears to be to delay an inevitable foreclosure through every legal artifice available both in state and federal court. This

federal court will no longer be complicit in these transparent efforts. Following multiple extensions, needless motion practice, and the granting of a 90-day stay in September of last year, this court explained in no uncertain terms that the appellant's opening brief needed to be filed on or before January 19, 2018, or the appeal would be dismissed. (*See* dkt. #42.) Nevertheless, the court received -- one day before the opening brief's deadline -- a document styled "Amended and Corrected Appellant's Motion for Stay of Appellate Proceedings" (dkt. #45).[1] This document sets forth a complicated explanation of the current status of the foreclosure proceedings in state court, where this dispute almost certainly belongs and which the appellant plainly seeks to continue to postpone through collateral, tag-team attacks in federal court brought separately by husband and wife. Regardless, the proceedings in state court have no bearing on the briefing schedule for this appeal.

Accordingly, appellant's motion to stay (dkt. #45) is DENIED and the January 19, 2018, deadline for appellant's opening brief remains in effect.

Entered this 18th day of January, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The original "Appellant's Motion for Stay of Appellate Proceedings" (dkt. #44) was filed January 17, 2018 -- just two days before the January 19, 2018, deadline.