IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEVEN ROBERT LISSE,

        Debtor-Appellant,

v.

HSBC BANK USA, NATIONAL ASSOCIATION
FOR THE BENFIT OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST, SERIES 2006-NC3,
ASSET BACKED PASS-THROUGH CERTIFICATES,

        Creditor-Appellee.

ORDER

16-cv-617-wmc

    The court is in receipt of Attorney Nora's motion to vacate the January 22, 2018, order to show cause or alternatively, to clarify charges and charging authority (dkt. #50), which the court will grant in part and deny in part for the following reasons.[1]

    As reflected by her exhaustive, 20-page motion responding to the court's Order To Show Cause ("OTSC") (dkt. #49), Attorney Nora has more than ample notice of the basis for that order, although she misinterprets the grounds listed as findings of fact. To the contrary, the court was describing what appears before it on the current record, giving her every opportunity to respond in writing before deciding whether to hold a formal hearing. Having now disputed the accuracy of some of the grounds noted by the court and formally requested an evidentiary hearing, the court will schedule that hearing. The court will also

---

[1] Attorney Nora purports to file the motion on behalf of her client, but the Order To Show Cause was directed to her. Moreover, even if Attorney Nora is ultimately sanctioned, it was never contemplated to preclude Nora from representing Mr. Lisse in this or any other *pending* case, but rather to prevent her from filing new cases in this court. As a result, the only direct impact on Mr. Lisse would be if he is already planning to file new legal actions with Attorney Nora as his counsel, something that the court obviously is concerned may be against his interests, as well as the interests of justice.

give Attorney Nora an opportunity to respond more fully in writing to the OTSC before holding that hearing under the schedule previously provided, should she choose to exercise that right. The court again emphasizes, as it did in its OTSC, the reason for requesting a response did not relate solely to actions in the above-captioned lawsuit, but also to:

1. conduct cited previously by Judges Peterson, Crabb and Furay in Case Nos. 17-cv-206-jdp, 17-cv-207-jdp, 17-cv-208-jdp, 16-bk-12556-cjf, 10-cv-68-bbc; and

2. her dilatory tactics generally in some of these and other cases, including her repeated requests for clarifications and stays (e.g., requests for inordinately long extensions in light of personal health or disability issues, soon belied by the filing of other copious motions and briefing).

Attorney Nora also questions this court's authority to sanction her for her conduct. While she is welcome to make that argument, there is ample case law supporting this court's power under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and this court's inherent authority to manage its own docket. *See, e.g.*, *The Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (describing availability of § 1927 sanctions); *Momo Enters., LLC v. Banco Popular of N. Am.*, No. 15-cv-11074, 2017 U.S. Dist. LEXIS 161827, at *6-*7 (N.D. Ill. Sept. 30, 2017) (applying Fed. R. Civ. P. 11(b)(2)-(3)); *Jordaan v. Hall*, 275 F. Supp. 2d 778, 786-90 (N.D. Tex. 2003) (applying Fed. R. Civ. P. 11(b)(1)-(2)).

Finally, in light of Attorney Nora's concern, whether feigned or real, that I may have prejudged any of the bases for revoking her privilege of appearing in this court in future matters, and the fact that the conduct at issue has occurred before multiple judges in this

district, her response to the OTSC will be considered by three active judges of this court, with Chief Judge Peterson presiding.[2] In the same vein, I would respectfully suggest that it would be in Attorney Nora's best interest to retain counsel as well. In all other respects, Attorney Nora's motion will be denied.

ORDER

IT IS ORDERED THAT:

1. The motion to vacate the January 22, 2018, Order To Show Cause, or alternatively, to clarify changes and charging authority (dkt. #50), is GRANTED IN PART AND DENIED IN PART as set forth above.

2. Any additional written response to the Order To Show Cause (dkt. #49) continues to be due on or before February 12, 2018.

3. An in-person hearing shall be held on that order before Chief Judge James D. Peterson, Bankruptcy Judge Catherine J. Furay and me on February 23, 2018 at 1:00 p.m.

Entered this 30th day of January, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] Early in her motion, Attorney Nora somewhat flippantly advises that I, "like any other person," may file a grievance against a Wisconsin-licensed lawyer. She again misses the point of the OTSC, which is to give her the opportunity to explain why her conduct comported with Wisconsin Supreme Court Rules.