IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

STEVEN ROBERT LISSE,

        Debtor-Appellant,                                SUPPLEMENTAL NOTICE OF BASIS FOR ORDER TO SHOW CAUSE HEARING

    v.                                                            16-cv-617-wmc

HSBC BANK USA, NATIONAL ASSOCIATION
FOR THE BENEFIT OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST, SERIES 2006-NC3,
ASSET BACKED PASS-THROUGH CERTIFICATES,

        Creditor-Appellee.
_____

       In response to repeated assertions that this court has given Attorney Wendy Alison Nora insufficient notice of the bases for the issuance of the Order To Show Cause in *Lisse v. HSBC Bank; 16-cv-617-wmc*, and to assist the preparation of her recently retained counsel for the February 23, 2018, hearing on that order, the following outlines the specific instances of misconduct on which the order is based. There is no need for counsel to respond further in writing to this supplemental notice, as counsel will be given an opportunity to respond orally at the February 23 hearing, but if counsel so chooses, any response must be filed on or before noon on Wednesday February 21, 2018.

I.     **Principal Basis for the Order to Show Cause**

1/22/18 - Order (dkt. #49)

- The court received appellant's motion to dismiss his bankruptcy appeal (dkt. #48), which was GRANTED with prejudice and statutory costs. "In addition, appellant's motion state[d] disingenuously in defense of his filing a notice of appeal in the first place that "since the confirmation hearing additional facts . . . have become known to Appellant that give every indication that Appellee committed fraud in the state court and in the bankruptcy court." (Dkt. #48 at 1-2.) In fact, appellant and his wife raised this so-called "fraud" issue in state court at a motion hearing on March 13, 2015. (*See In re Lisse*, No. 16-bk-12556-cjf (Bankr. W.D. Wis.) Dkt. #74 at 28-32).) Moreover, the bankruptcy order from which appellant purported to appeal was issued on August 22, 2016." (*Id*. at 1.)

- "Because this is the latest in a pattern of sharp practice by Attorney Nora (*see* dkt. #42 at 1-2), appellant's counsel [was given] twenty-one (21) days to provide a written response to this ORDER TO SHOW CAUSE why she should not be sanctioned for her frivolous, or at best vexatious, appeal, including referring her conduct to the Wisconsin Supreme Court's Office of Lawyer Regulation and barring her from appearing in any new matter before the courts of this district." (*Id*. at 1-2.)

1/18/18 – Order (dkt. #46)

- "At some point, an attorney's efforts to vindicate her client's rights cross the line between zealous advocacy and abuse of process. This is such a case" (*Id*. at 1.)

- "Here, appellant even concedes that his current appeal "involve[s] the same fundamental issue" as the related appeals filed by his wife, which was already addressed and rejected by Judge Peterson. *See Lisse*, 2017 U.S. Dist. LEXIS 200196, at *12-*18. At this point, the debtor's sole purpose appears to be to delay an inevitable foreclosure through every legal artifice available both in state and federal court." (*Id*. at 1.)

9/21/17 - Order (dkt. #42)

- "The court is in receipt of appellant's motion for stay (dkt. #27), as well as attorney Wendy Alison Nora's *ex parte* submission of her medical documentation supporting the request for a 90-day stay and then an additional 30 days to file an opening brief. (*See* dkt. #34). Typically, such a proffer of medical information would be enough to justify a requested stay. Unfortunately, there is nothing typical about Attorney Nora, who has a history of frivolous and dilatory tactics recognized by this and other courts. *See In re Nora*, 778 F.3d 662 (7th Cir. 2015) (finding sanctions warranted against Nora because "her arguments in this appeal were motivated by improper purposes"); *Spencer v. Fed. Home Loan Mortg. Corp.*, Nos. 15-cv-332-wmc, 15-cv-327-wmc, 2015 U.S. Dist. LEXIS 96663, at *1-*2 (W.D.W.I. July 24, 2015) (Conley, J.) (noting that "each appeal appears motivated by the goal to further delay a warranted state court foreclosure" and that "[t]he bankruptcy court, this court and the Seventh Circuit are all familiar with debtor Sheila Spencer and her attorney Wendy Alison Nora's efforts to delay foreclosure on Spencer's home."); *Rinaldi v. HSBC Bank USA, N.A.*, Nos. 13-cv-336-JPS, 13-CV-643-JPS, 2014 U.S. Dist. LEXIS 182089 (E.D.W.I. April 9, 2014) (concluding court "ha[d] no choice but to impose sanctions" because its prior order noted that "any further frivolous submissions *will* result in an award of appropriate sanctions against the Rinaldis' attorney"), *aff'd* 778 F.3d 672 (7th Cir. 2015); *In re Schmid*, 494 B.R. 737, 748 (W.D.W.I Bankr. 2013) ("At every turn, the Debtor has sought delays of these

proceedings . . . ."); *In re Disciplinary Action Against Nora*, 450 N.W.2d 328 (Minn. 1990) (suspending Attorney Nora for misconduct in three cases, including one in which "the litigation was undertaken to buy time and to delay efforts to recover certain farm land")." (*Id*. at 1-2.)

- "As amply documented in appellee's response, cause for skepticism is further fueled by its torturous, now seven-year quest to obtain and enforce a judgment of foreclosure on the Lisses' home, which Attorney Nora has successfully delayed by various maneuvers in state and now federal court, most recently by petition for review by the Wisconsin Supreme Court and 'tag-team' bankruptcy filings by the appellant and his wife. Indeed, even before this court, Attorney Nora has successfully dragged out the briefing on the merits by satellite skirmishes, of which her current motion may well be the latest. Indeed, Attorney Nora has now taken the time to file a "response" to appellee's response to her motion because it contains a request that factual representations be struck in the first twelve paragraphs of Lisse's motion, which in fairness reads like an opening appellate brief, demonstrating that her diagnosis of "intermittent symptoms of mild" Traumatic Brain Injury ("TBI") caused by a fall on January 17, 2017, has not to date prevented her from carrying on her practice of law in two states. Of course, her condition may still require her cessation of her practice altogether for 90 days for her symptoms to resolve fully, as indicated by the four sentence letter written "To Whom It May Concern" by her neurologist." (*Id*. at 2-3.)

- "Further complicating this matter are the related appeals involving Lisse's wife (17-cv-206-jdp, 17-cv-207-jdp, 17-cv-208-jdp), which were consolidated with each other before Judge Peterson, but not with this case. All of these appeals, including the one before me, involve: 5701 Leanne Lane McFarland, WI 53558, (*compare* 17-cv-206-jdp dkt. #7-10, *with* 16-cv-617-wmc dkt. #26); appear to involve the same or similar issues; same or similar objections by HSBC Bank USA, N.A. for the benefit of (or as Trustee, in trust for the registered holders of) Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates (*compare generally* 17-cv-206-jdp docket *with* 16-cv- 617-wmc docket *and* 16-bk-12556-cjf Dkt. #42 *with* 16-bk-10935-cjf Dkt. #34); and efforts by the respective debtors to challenge the validity of the same note (and its assignment to HSBC) (*compare* 17-cv-206-jdp dkt. #6 at 10-11 *with* 16-cv-617-wmc dkt. #27 at 2-3), despite the decision of the Dane County Circuit Court that HSBC was the holder of the note with standing to enforce the same, *see HSBC Bank USA, N.A. v. Lisse*, 367 Wis. 2d 749, 877 N.W.2d 650 (Ct. App. 2016) (unpublished) (affirming Circuit Court decision). They have another common denominator: in all appeals, Attorney Nora is representing the appellants." (*Id*. at 3.)

II. **Further Basis for Order to Show Cause**

A. *Lisse v. HSBC Bank, USA.,* 17-cv-206-jdp / 17-cv-207-jdp / 17-cv-208-jdp (affirmed bankruptcy court)

12/5/17 – Opinion & Order (dkt. #17)

- "Lisse's discovery requests posed an undue burden for HSBC. The Note's authenticity was already decided in Lisse's foreclosure action in state court, so the doctrine of issue preclusion barred Lisse from litigating the same issue again." (*Id.* at 2.)

- [On filing late reply brief] "Wendy Nora, could not finish the brief on time because 'a recent update to her Acrobat program . . . prevented her from selecting text from PDF documents.'" (*Id.* at 4.)

- "This appeal, like the bankruptcy litigation, plainly lacks merit and was wastefully presented. Lisse's counsel has been sanctioned for similar conduct in other cases." (*Id.* at 15.)

B. *Spencer v. Federal Home Loan Mortgage Corp a/k/a Freddie Mac*; 15-cv-332-wmc & 15-cv-327-wmc (affirmed bankruptcy court)

7/24/15 – Order (dkt. #6)

- "Spencer's second motion to 'stay' is essentially a motion for extension of time to file statements of interest and designations of record, which the court will grant, albeit reluctantly. The court's review of the underlying bankruptcy dockets also reveals, however, that extensive briefing is simply not warranted for essentially meritless appeals. Instead, each appeal appears motivated by the goal to further delay a warranted state court foreclosure." (*Id.* at 1-2.)

- "The bankruptcy court, this court and the Seventh Circuit are all familiar with debtor Sheila Spencer and her attorney Wendy Alison Nora's efforts to delay foreclosure on Spencer's home." (*Id.* at 2.)

- "Finally, as noted at the outset of this opinion, review of Spencer's motion below and on appeal, as well as the underlying bankruptcy dockets as a whole, amplifies concerns raised by the bankruptcy court, this court, other district courts and the

- Seventh Circuit regarding Attorney Nora's questionable practices. *See In re Nora*, 778 F.3d 662, 664-667 (7th Cir. 2015)." (*Id*. at 9.)

- "Attorney Nora is reminded that frivolous arguments may result in sanctions. *See In re Nora*, 778 F.3d at 667." (*Id*. at 10.)

3/30/17 – Order (dkt. #12)

- "As detailed above, the bankruptcy court dismissed Spencer's petition after she was warned in open court on the record and again in a written order that she had until June 13, 2015, to file a plan amendment and a declaration explaining Spencer's failure to file tax returns for certain years. Making this failure even more egregious is that the deadline was proposed by Spencer's counsel with full knowledge that a failure to meet that deadline would result in the dismissal of Spencer's petition." (*Id*. at 8.)

- "In her untimely submission below and again in her appeal, Attorney Nora attempts to explain her lapse by representing that she did not hear the June 13, 2015, deadline during the telephonic conference, and she did not click on the link to the post-hearing order because she thought the entire order was contained in the text entry on the docket sheet. Neither excuse, however, constitutes excusable neglect, or at least Judge Furay did not abuse her discretion in rejecting Attorney Nora's implicit request for an extension to file the required documents." (*Id*. at 10.)

C. *Wendy Alison Nora v. Catherine J. Furay*, 14-cv-527-jdp **(petition for writ of mandamus dismissed as frivolous)**

8/25/14 – Order (dkt. #5)

- "Nora's objective is to get Judge Furay to retract her criticism of Nora's performance, or, more precisely, to get this court to order Judge Furay to retract her criticism. Nora contends that Judge Furay 'acted in reckless haste to place false findings on the public record in order to support the falsely made allegations against her former client by the state court plaintiffs Peterson and Forster, to make false findings of fact concerning matters which had never been adjudicated, and to damage [Nora's] character and reputation . . . .' Nora's primary goal is not to achieve a substantive result for her client, but to redeem her own reputation. Nora has thus failed to show that her right to a writ of mandamus is 'clear and indisputable' or that the writ is 'appropriate under the circumstances.'" (*Id*. at 4.)

- "Nora's argument that Judge Furay has defamed her likewise goes nowhere for many reasons. The statements at issue are these:
    - 'The Debtor makes a number of arguments that range in coherence and quality from vague to nonsensical to suspicious.' Dkt. 1, Exh. B at 4.
    - 'As this Court has instructed Attorney Nora on numerous occasions, it is constrained by specific jurisdictional and constitutional limits and will abstain from hearing matters to avoid violating those limits. Counsel's repeated disregard of these instructions leaves questions in the Court's mind as to the genuineness of the jurisdictional arguments made by Attorney Nora. The Court declines to speculate on this matter further.' *Id*. at 14.

  Even if Nora could persuade this court that Judge Furay's comments were unfounded and unduly harsh, Nora provides no authority to support her argument that these statements raise a 'really extraordinary cause' requiring the exercise of mandamus power. The purpose of the writ of mandamus is not to protect the sensibilities and reputations of insistent and adventuresome counsel." (*Id*. at 5.)

- "Nora devotes much of her petition to an attempt to show that Judge Furay is incorrect about many things, presumably to show that Judge Furay's criticism of Nora is unwarranted. But the petition does not succeed in this regard. Judge Furay's stern, but restrained, criticism is well within the bounds of propriety and civility. Nora's petition is not." (*Id*. at 5 n.7.)


### D. *Spencer v. PNC Bank*; 14-cv-422-wmc (affirmed bankruptcy court)

4/20/15 – Opinion & Order (dkt. #17)

- "As far as the court can discern from Spencer's rambling brief, her argument challenging PNC's standing is based on its apparently undisclosed status as servicer of the note, while Freddie Mac is the entity that actually holds an interest in the note." (*Id*. at 7.)

- "Second, as evidenced by the lengthy description above of PNC's efforts to foreclose, any additional delay in the foreclosure action will necessarily [] prejudice PNC, especially in light of Spencer's failure to make *any* payments over the last six years and PNC's continued payment of insurance and taxes on the subject property." (*Id*. at 10.)

- "In reviewing the nonexhaustive list of factors, certain of them provide ample support -- even standing alone -- for dismissing Spencer's Chapter 13 petition for lack of good faith. First, the court considers 'the nature of the debt, including the question of whether the debt would be nondischargeable in Chapter 7

proceeding.' This factor weighs strongly in favor of finding a lack of good faith on the part of Spencer." (*Id*. at 11 (other citation omitted).)

- "The court further finds that the totality of circumstances strongly supports the conclusion that PNC met its burden of demonstrating Spencer's lack of good faith. In the end, therefore, the court upholds the bankruptcy court's finding that Spencer's 'filing is a blatant abuse of the bankruptcy process.' 2/25/14 Hearing Tr. (bankr. dkt. #110-1) 20." (*Id*. at 13 (other citation omitted).)

### E. *Schmid v. Bank of America*; 13-cv-383-bbc   (appeal dismissed under *Rooker-Feldman*)

8/27/13 – Order (dkt. #2)

- "Plaintiff did not identify distinct claims in her complaint; rather, the complaint consists of 38 conclusory and argumentative paragraphs without headings, along with several requests for relief." (*Id*. at 1.)

### F. *Spencer v. PNC Bank*; 13-cv-369-bbc   (affirmed bankruptcy court)

10/8/13 – Order (dkt. #11)

- "It is difficult to follow much of Spencer's briefs, in part because she provides no context or background for her arguments, but I understand her position to be that the bankruptcy case should be reopened so that she can "correct her schedules" to show that the Federal Home Loan Mortgage Corporation (Freddie Mac) is the true owner of her mortgage." (*Id*. at 2.)

- "With respect to the length of time the case was closed, it is undisputed that the bankruptcy court closed the case in October 2010 and Spencer filed her motion to reopen in January 2013, more than two years later. As an initial matter, Spencer argues that 'delay is not a factor in re-opening a bankruptcy case,' Debtor's Br., dkt. #7, at 5, but that argument is contrary to *Redmond*, a case Spencer ignores even though the bankruptcy court cited it many times." (*Id*. at 3-4.)

### G. *Schmitz v. Deutsche Bank*; 11-cv-854-wmc   (pltf's MTD as moot granted)

3/8/12 – Text Only Order (dkt. #11)

- "Appellants' brief in this bankruptcy appeal was originally due on January 11, 2012. Appellants sought a 45-day extension, which the court previously granted, making appellants' opening brief due February 27, 2012. Instead of filing a brief on that day, appellants filed a motion to stay proceedings on appeal for a period of 30 days. (Dkt. #10.) As best as the court can discern, appellants intend to file a motion at some time in some court for abandonment of the subject real estate asset and corresponding claim for wrongful disclosure. There is nothing to suggest that appellants have filed a motion, and appellants have not explained how a decision on this yet to be filed motion will be decided within the next thirty days. Having been presented with no good grounds for staying this appeal, appellants' motion to stay is DENIED. In light of the motion, the court, however, will adjust slightly the briefing schedule as follows: appellant's opening brief due March 12, 2012." (*Id.*)

3/9/12 – Text Only Order (dkt. #14)

- "The court is in receipt of appellants' motion for reconsideration of order denying motion to stay. (Dkt. #12.) The record here is now replete with examples of appellant[] counsel's inability to meet the courts deadlines, and apparently the deadlines of a number of other courts, for various possible reasons, including personal health, strategy, and conflicting deadlines imposed by other courts as a result of previous extensions in those courts. The court sees nothing in the motion to justify reconsideration of its March 8, 2012 order other than the relatively unimportant detail that appellants had in fact filed a motion for abandonment of the subject real estate in the bankruptcy court. Nevertheless, the court will grant one additional seven day extension, making appellants opening brief due on or before March 19, 2012. opposition brief due April 2, 2012; and reply due April 16, 2012. If appellants counsel has ANY concern that she may not be able to comply with this deadline, counsel should immediately advise her clients so that they can retain new counsel. NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED BY THIS COURT FOR ANY REASON." (*Id.*)
  [*note – instead of filing brief, pltf filed MTD as moot on 3/19*]

### H. *Wendy Alison Nora v. Residentual Funding Company*; 10-cv-748-wmc (MTD under *Rooker-Feldman* granted)

9/30/12 – Order (dkt. #69)

- "Because Nora's complaint challenges a state court's foreclosure judgment, her claims are barred by the *Rooker-Feldman* doctrine." (*Id.* at 2.)

- "To the extent plaintiff is attempting to plead some other injury, the court is unable to discern it given the confusing state of her pleading. Nor does this possibility give the court much pause given the likelihood that plaintiff's claims are otherwise legally barred. For example, Nora's claims may also be barred under the doctrine of claim preclusion." (*Id*. at 15.)

I. *Wendy Alison Nora v. Juan Colas, et al*; 10-cv-709-bbc (voluntarily dismissed by pltf Nora)

2/1/11 – Order (dkt. #28)

- "In this case, just like plaintiff's previous cases, there will come a time when plaintiff will have to litigate the merits of this case rather than ask for yet another deadline extension. If plaintiff believes that she will have difficulties meeting her new March 31, 2011 deadline, then she should consider hiring a lawyer to assist her in this matter." (*Id*. at 2.)

J. *Wendy Alison Nora v. Residential Funding Co.*; 10-cv-68-bbc (dismissed for failure to prosecute)

8/12/10 – Order (dkt. #34)

- "Appellant seems to think that the court denied her request for more time because it did not believe that her fibromyalgia was a serious impediment to her work, but she is wrong. Her request was denied because despite extensions of time adding up to 76 days, she had filed nothing in support of her bankruptcy appeal and showed no sign of being able to file at any future time. Certainly, she gave no indication in her April 27, 2010 request for more time that she would ever be able to brief her appeal. Even now, she says nothing about when she might be able to file a brief in support of her appeal. It does not appear that she has done anything in that regard since she received her first continuance immediately upon filing her appeal in late February." (*Id*. at 2.)

8/10/11 – Order (dkt. #58)

- "Given appellant's pattern of litigation in this court, which includes a baseless suit brought against the state court judge presiding over a foreclosure action against her in the Circuit Court for Dane County, it was reasonable for counsel to be concerned about appellant's honesty and her physical and emotional fitness. Appellant's consistent pattern of avoiding deadlines in pending cases by pleading physical and mental inability suggested either that she was physically and mentally unfit to

practice or that she was not being truthful about her physical and mental condition. Thus, the matter was a proper one for investigation by a regulatory body. For example, appellant told this court that she was asking the Dane County probate court to appoint a guardian ad litem for herself, to argue for her disability rights in the cases she was prosecuting on her own behalf. She said she needed a guardian to protect her because of her lack of "competence to perform the tasks" of responding to motions pending in this case, in her bankruptcy proceeding and in her state foreclosure case. Yet at the same time, she was holding herself out as competent to represent clients. (E.g., dkts. ##27, 29)" (*Id*. at 6.)

### K. *Bank of America v. Martinson,* 10-cv-10-wmc (judgment for bank after court trial)
*Atty Nora appeared for pro se defts 11/12/12 (3 months after PPTC)*

1/3/13 - MIL order (dkt. #116)

- "*First*, defendants contend that relief in the form of dismissing this action or staying it pending compliance is required because plaintiff failed to comply with FRCP 7.1. The purpose of this rule is to enable *the court* to evaluate possible disqualification or recusal. Here, defendants fail to articulate any prejudice by plaintiff's failure to file a disclosure statement at the time of defendants' removal of this action." (*Id*. at 2.)

- "In their objection to plaintiff's corporate disclosure, defendants also question whether I have a financial interest requiring recusal pursuant to 28 U.S.C. § 455. Specifically, defendants indentify my disclosure of a holding in Vanguard Institutional Index, noting that the Vanguard Group, Inc. is the largest shareholder of Bank of America Corporation. (Dkt. #103 at ¶ 24.) Not only do defendants fail to establish that Vanguard Institutional Index, a mutual fund, has any holdings in plaintiff, they fail to point out that § 455(d)(4) expressly excepts investments in a mutual fund." (*Id*. at 2-3.)

- "Attorney Nora also questions whether recusal is appropriate given that BlackRock Institutional Trust Co., N.A., is the asset manager of the Federal Thrift Savings Plan and also the third largest shareholder in Bank of America Corporation. This supposed conflict is too remote even for comment." (*Id*. at 3.)

- "*Second*, defendants challenge Bank of America's failure to move for substitution of party pursuant to Fed. R. Civ. P. 17(a)(3). This challenge is equally meritless. . . Regardless of the caption of the motion, defendants -- who were represented by

counsel at the time -- did not object to Bank of America, N.A. being named as plaintiff. Moreover, defendants' challenge now is untimely and fails to articulate any basis for warranting dismissal of the action or a stay of trial." (I*d.* at 3-4.)

- "More importantly, this motion for failure to make *any* 26(a)(1) disclosures coming on the eve of trial is sandbagging at its worst. As a result, the court will not further delay trial on this basis, although defendants may take the deposition of plaintiff's recently-disclosed witness by telephone, with plaintiff's counsel arranging and paying for the call and a court reporter." (*Id.* at 4.)

- "*Finally*, on Monday, December 31, 2012, defendants, again though Attorney Nora, filed a motion to dismiss, motion to strike and an amended motion to dismiss, motion to strike proposed findings of facts, and proposed special verdict. (Dkt. ##110, 111.) In these bare-bone motions, Attorney Nora simply seeks dismissal as a sanction for frauds on the court and asks for a hearing on all of the pending motions at the pre-trial conference on January 2, 2013. The court has previously addressed these issues and will not revisit them on this perfunctory motion, all of which will also be denied." (*Id*. at 5.)

10/10/13 – Order (dkt. #126)

- "The court would not normally express skepticism of a bankruptcy filing, even one filed within a year of another, but Martinson's actions to date strongly suggest that her primary focus is on delaying plaintiff's long-awaited day in court on this foreclosure action." (*Id*. at 2 n.1.)

*Note - Atty Nora was allowed to withdraw as counsel on 4/9/13 (after filing bankruptcy notice), case was reopened 8/21/13 and CT was held 10/25/13 (defts were pro se) – verdict for bank.*


## L.  *Mueller v. Bank One, N.A.*; 09-cv-137-bbc (affirmed bankruptcy court)

12/30/09 – Order (dkt. #38)

- "This appeal has been slow to get off the ground. It was not until October 22, 2009, seven months after appellant filed the appeal, that she filed a brief in support of her appeal. Although she had listed 18 issues in her notice of appeal, she argued only one in her brief." (*Id*. at 2.)

## III.    Related Appeals

### A. <u>PNC Bank v. Spencer, 763 F.3d 650 (7th Cir. 2014)</u>

- "In sum, this appeal is frivolous, and we are troubled by Nora's conduct in this litigation. Because Nora has never presented any colorable basis for federal jurisdiction over this years-old state-court foreclosure case, we suspect that the removal was part of a strategy designed to gum up the progress of the case. (Recall, too, the flood of motions Nora filed soon after her appearance in state court.) Nora has a history of engaging in this kind of tactic: In 1990 Nora was suspended indefinitely from the practice of law in Minnesota because, in addition to other unethical activities, she sued a bank based on a legal theory that surpassed 'the imaginative into the depths of absurdity.' *In re Nora,* 450 N.W.2d 328, 330 (Minn.1990) (internal quotation omitted)." *Id*. at 654-55.

- "Therefore, we order Nora to show cause why she should not be sanctioned for pursuing this frivolous appeal, *see* FED. R. APP. P. 38, and why she should not be disciplined for conduct unbecoming a member of the bar, *see id.* 46(c)." *Id.* at 655.

### B. <u>*In re Nora*, 778 F.3d 662 (7th Cir. 2015)</u>
- "On August 13, 2014, we ordered attorney Wendy Nora to show cause why she should not be sanctioned for pursuing a frivolous appeal, *see* Fed. R.App. P. 38, and why she should not be disciplined for conduct unbecoming a member of the bar, *see id*. 46(c). *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 655 (7th Cir.2014). For the reasons that follow, we now impose a sanction of $2,500 but suspend the sanction until such time, if ever, that Nora submits additional frivolous or needlessly antagonistic filings." *Id*. at 663.

- "Two days after we issued our opinion, Nora filed a 14–page 'initial response' alleging that the opinion did not provide her with reasonable notice of the charges against her. She requested an evidentiary hearing and appointment of 'an attorney to represent the proponent of the Order to Show Cause and a referee or special master to preside at the hearing.' We denied Nora's request for appointment of a special master and a full evidentiary hearing but agreed to hold a hearing on the show-cause order as allowed under Rule 46(c)." *Id*. at 664.

- "Nora spends much of her response quoting portions of our earlier opinion and arguing that she could prove them wrong if given an evidentiary hearing. She made the same argument at her hearing. But Nora fails to specify what evidence she would present to undermine our opinion; she merely declares—without citation to the record—that a dozen different statements in our opinion were 'false.' These

contentions do nothing to justify the removal, motion to reconsider, and appeal in this case." *Id*. at 665.

- "Nora's responses provide us with no persuasive reason to doubt that her arguments in this appeal were motivated by improper purposes. We note that this is far from the only case—from the last two years alone—where Nora has raised frivolous and unsupported allegations of fraudulent mortgage documents. *See In re Residential Capital, LLC*, No. 12–12020(MG), 2013 WL 6227582, at *2 (Bankr.S.D.N.Y. Nov. 27, 2013) (concluding that "[a]lmost everything asserted in the [Response Nora filed] is frivolous" as "most of the Response contains unsupported allegations of fraud and various constitutional violations"); *Rinaldi v. HSBC Bank USA, N.A.*, Nos. 13–CV–336–JPS, 13–CV–643–JPS, 2013 WL 5876233, at *9–10 (E.D. Wis. Oct. 31, 2013) (rejecting numerous claims against a mortgage as lacking "any arguable basis" and noting that Nora's briefs were "almost unintelligible"); *In re Schmid*, 494 B.R. 737, 752 (Bankr.W.D. Wis. 2013) (rejecting fraud allegations as based on Nora's opinions drawn "without the benefit of a factual or legal basis"); *see also Van Stelton v. Van Stelton*, 994 F.Supp.2d 986, 994 (N.D. Iowa 2014) (refusing to dismiss abuse-of-process claim alleging that plaintiffs represented by Nora brought lawsuit for improper purposes)." *Id*. at 665.

- "Because the $1,000 sanction imposed in *Rinaldi* does not appear to have deterred Nora from continuing to submit frivolous and needlessly antagonistic filings, we now impose an increased sanction of $2,500. We suspend this sanction, however, until the time, if ever, that Nora submits further inappropriate filings. We also direct the clerk of this court to forward a copy of this order and our earlier opinion to the Office of Lawyer Regulation of the Wisconsin Supreme Court." *Id*. at 667.

Entered this 15th day of February, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge