# BEFORE THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WISCONSIN

-------------------------------------------------------------------

Steven Robert Lisse,

       Debtor-Appellant

  vs.

HSBC Bank USA, National Association
for the benefit of ACE Securities Corporation,
Home Equity Loan Trust, Series 2006-NC3,
Asset-Backed Pass-through Certificates,

       Claimant-Appellee

REJOINDER IN BEHALF OF
WENDY ALISON NORA
TO THE SUPPLEMENTAL NOTICE
ENTERED ON FEBUARY 15, 2018

No. 16-CV-617-WMC

-----------------------------------------------------------------

    1. On February 15, 2018, Hon. William M. Conley, Judge of this Court, entered a 13-page supplemental notice, evidently conceding the merit of the first set of grounds pleaded by the undersigned in behalf of Wendy Alison Nora (hereinafter Nora) stated in the answer and motion to quash interposed against the order of Judge Conley, entered on January 30, 2018. Very courteously, Judge Conley has attempted to specify charges against Nora in a manner which conforms to *Matter of Ruffalo*, 390 U. S. 544 (1968). While the said supplemental notice is helpful in that it identifies the previously unknown subject matter of concern, and outlines what Judge Conley considers probable cause, it does not set forth **specific charges against Nora in words of ultimate fact (distinct from evidence or legal conclusions), with a separate count for each wrong alleged and an indication of which statute, rule, or regulation is thought to have been violated in each count** as required in lawyer discipline proceedings. What we now have is like a purported complaint in criminal proceedings in the circuit courts of Wisconsin with

a statement of probable cause, but no accusation or accusations, but such a statement of probable cause standing alone without formal charges in one or more counts is insufficient in lawyer discipline proceedings. While the undersigned understands that the Court is unpleased with the conduct of Nora, and has a better comprehension about what and why, he does not understand, and cannot guess what actual charges are or might be once the statement of probable cause reviewed by an independent prosecutor, and so Nora cannot plead. Hence, the undersigned repeats anew the first set of grounds set forth in the answer and motion to quash which will be argued on February 23, 2018, at 1:00 P. M., C. S. T. (2:00 P. M., E. S. T.).

2. The undersigned understands that these proceedings originated in an order to show cause why complaint should not be made against Nora before the lawyer discipline authority for the State of Wisconsin or why this Court on its own authority should not disbar or suspend Nora. We concede that any judge of this Court or other person with due cause may complain against Nora before the lawyer discipline authority of the State of Wisconsin, which has independent prosecutors and must act in conformity with *Ruffalo*. If such lawyer discipline authority secures appropriate discipline, this Court has undoubted power to impose reciprocal discipline. **Nor would we object, if this Court went ahead and made complaint before the lawyer discipline authority of the State of Wisconsin, which would be normal and traditional procedure in a case of this kind. But we reaffirm on the basis of the second, third, and fourth grounds in the said answer and motion to quash that this Court cannot attempt or undertake to transform itself into a lawyer discipline tribunal, especially in this case.** Even if it had inherent or implied authority to discipline lawyers by disbarment, as Judge George English attempted to his regret in his time, **this Court cannot sit in judgment in any case of lawyer discipline in which it has commenced prosecution. Moreover, one of the members of the**

**panel established in this cause is not a judge of this Court under the judiciary article of the United States Constitution. And this Court has no independent prosecutors to proceed against Mme Nora on charges meeting the requirements of *Ruffalo*.**

3. Regarding the third set of grounds set forth in the said answer and motion to quash, the undersigned has found additional authority which show that a bankruptcy judge cannot sit in this case, because she is not properly a judge of the United States. These cases are *Perronton v. Gray*, 958 F. 2d 889 (9 Cir. 1992); *Brickell Investment Corp. v. Dale Helicopter Service,* 922 F. 2d 695 (11 Cir. 1991); and *Courtesy Inns v. Bank of Santa Fe*, 40 F. 3d 494 (10 Cir. 1994). And her presence on the panel established in this cause eradicates the authority of the panel to proceed in adjudication of this cause.

4. With respect to any complaint that might be attempted against Nora on the statement of probable cause set forth in the said supplemental notice, the undersigned cautions this Court that the said statement of probable cause is unsound and cannot withstand scrutiny:

**Judge Conley has listed twelve cases, respectively designated A through L, and dates of alleged misconduct. But his commentary leaves out all reference to certain critical features of record which Nora can prove with competent evidence in a proper evidentiary hearing, and which show that she is guilty of no professional infraction:**

In case A, new evidence was obtained after the confirmation hearing and pending the appeal from the order dismissing one of the bankruptcies. The new evidence consists of an uncontroverted expert report, which concludes that a document purporting to be a copy of an original note was a forgery. Presenting new evidence of forgery, which was not available at the time of the confirmation hearing, cannot be considered frivolous or vexatious by any honest standard.

Further attention here should be given to case A: Nora did not represent the mortgagors in the foreclosure in the circuit court of Wisconsin during five years in which it was pending, nor did she represent them before the court of appeals of Wisconsin. She filed a petition for review in the supreme court of Wisconsin, and represented them in the separate bankruptcy cases including appeals from adverse decisions. She cannot be held responsible for the first five years which has unfairly and unreasonably been characterized as delay.

And special attention should here be given to case B, D, and F: Nora did not represent the mortgagor during the first three years of the proceedings, and she cannot be held responsible for any supposed delay during those three years. Nora offers prove that, in case D, the bankruptcy filing in which she represented the mortgagor caused delay of foreclosure proceedings only over four months during which the mortgagor sought to establish the true creditor to which she was indebted. In the second bankruptcy filing, which was in case B, wherein Nora represented the mortgagor, the homeowner sought to redeem the property from the sheriff's sale by paying an amount exceeding the winning bid at the sale. The automatic stay from the second bankruptcy filing produced a delay of less than two months, during which the mortgagor sought to pay the true creditor more than the winning bid at the sheriff's sale. Nora offers to prove that, in cases B, D, and F, the appeals from orders in bankruptcy caused no delay in the foreclosure in the circuit court. Her advocacy was not frivolous or vexatious by any honest standard.

In cases A, B, D, E, F, G, H, and J, Nora offered and attempted to prove that allegations in the foreclosure complaints were materially false, and that essential foreclosure documents were forged and/or supported by falsely sworn affidavits. It is a solecism to say that her points were frivolous or vexatious.

In cases A, B, D, E, F, G, H, J, K, and L, Nora had evidence which showed that foreclosure proceedings were not brought by the real party in interest, or were brought in the name of a party which did not exist, or existed no longer, or never existed. Such legal positions cannot be deemed frivolous or vexatious by any honest standard.

In cases A, B, G, H, I and J, extensions of time for reasons of health, or computer issues were sought and, in most instances, granted. Nora can prove that her requests were bona fide and authentic.

In cases K and L, Nora did not represent the parties at the time the orders at issue were entered.

In case C, Nora sought a writ of mandamus to protect herself from spleen of a bankruptcy judge, which was her only remedy at least in the 7th Circuit. A significant legal authority shows that Nora's pursuit of an extraordinary writ to deal with this problem was lawyerlike and proper. See, e. g., *Payne v. Lee*, 24 N. W. 2d 259 (Minn. 1946), which is a seminal case.

Nora will need an evidentiary hearing to prove the facts which the supplemental notice has left out, as she can do if offered an opportunity. The legitimate positions which she has sought to press do become illegitimate by labeling them frivolous or vexatious as has happened here.

In short, Nora has been obliged to articulate in behalf of her clients and herself facts and circumstances which are disagreeable, but true and provable, and she has suffered judicial displeasure for which she is not responsible, and therefore she is guilty of no infraction. She wants to prove her points in an evidentiary hearing before a lawyer discipline tribunal of competent jurisdiction. She wants a fair hearing which she cannot get under the said order of January 30, 2018, or before this Court, where complainants, witnesses, prosecutors and judges

would be the same, contrary to rudimentary principles of due process of law as venerable as *Dr. Bonham's Case*, 8 Coke 107a (C. P. 1610).

**WHEREFORE**, the undersigned renews his motion in behalf of Nora to quash the said order of January 30, 2018, and to dismiss these proceedings without prejudice, and for such further or alternative relief as may appear just and proper.

Dated: *February 19, 2018*  /s/ *John Remington Graham*
_____  _____
JOHN REMINGTON GRAHAM of the Minnesota
Bar (#3664X), appearing here pro hac vice
180 Haut de la Paroisse
St-Agapit, Québec G0S 1Z0 Canada
TEL-FAX 418-888-5049

Counsel for Wendy Alison Nora