IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN ROBERT LISSE,                               16-cv-617-wmc
      Debtor-Appellant,

v.

HSBC BANK USA, NATIONAL ASSOCIATION
FOR THE BENEFIT OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST, SERIES 2006-NC3,
ASSET BACKED PASS-THROUGH CERTIFICATES[1],
      Claimant-Appellee.

---

EXPERT WITNESS DECLARATION OF ATTORNEY WAYNE M. PRESSEL IN SUPPORT OF CONDITIONAL OFFER OF PROOF AT EVIDENTIARY HEARING ON SUPPLEMENTAL NOTICE OF BASIS FOR ORDER TO SHOW CAUSE HEARING

---

Attorney Wayne M. Pressel declares under penalty of perjury of the United States of America, pursuant to 28 U.S.C. sec. 1746:

1. I am an attorney with forty-five (45) years experience practicing law in multiple jurisdictions.

2. I graduated with a J.D. degree from Boston University Law School in 1972.

3. I am a member in good standing of the bar of the Supreme Court of Nevada and the United States District Court for the District of Nevada, having been admitted to practice law in Nevada in 2009, and I am admitted to practice before the Ninth Circuit Court of Appeals.

4. I am the sole shareholder of the Law Office of Wayne M. Pressel, Chtd., 3094 Research Way, Suite 61, Carson City, Nevada 89706.

---

[1] Motion to Change Case Caption pending

5. I have practiced law since 1972, having first been admitted to practice before the Supreme Court of Georgia in 1972.

6. I am admitted to practice before the United States Court District Courts for the Northern, Middle and Southern Districts of Georgia, as well as the Fifth Circuit Court of Appeals before the creation of the United States Court of Appeals for the Eleventh Circuit.

7. I was admitted to practice before the New Mexico Supreme Court in 1980 and the United States District Court for the District of New Mexico. I resigned from the bar of the Supreme Court of New Mexico in 2016 because maintaining multiple bar admissions not time and cost effective for my current practice.

8. I was admitted to practice in the United States District Court for the District of Washington, D.C. in 1983. I also resigned from the bar of the United States District Court for the District of Washington, D.C. in 2016, again because maintaining multiple bar admissions not time and cost effective for my current practice.

9. I naturally gravitated to the area of foreclosure defense because of my substantial background in civil rights and legal services to low income individuals.

10. I was the Director of Welfare Law and Civil Rights for Georgia Legal Services in the 154 counties in the State of Georgia outside metropolitan Atlanta between 1972-1979.

11. After I briefly practice law privately in New Mexico in 1980, I accepted the position of the Director of the Management Project at the National Legal Aid and Defender Association in Washington, D.C. in which I served from 1980-1984.

12. I became a consultant for Nevada Legal Services in early 1985, became the Director of Nevada Legal Services in the fall of 1985 and continued in that role until the spring of 2007.

13. My extensive practice in the service of low income persons led me to the defense of homeowners because home ownership is a source of individual and family well-being, security and stability as well as the stability of local communities.

14. I began to focus my practice, in large part, on the defense of homeowners and other property owners whose real estate assets were purportedly encumbered by mortgages or deeds of trust during the Financial Crisis and Residential Foreclosure Crisis which had an enormous impact on homeowners, families and communities in the State of Nevada.

15. Deeds of trust are the most common form of encumbrance securing repayment of real estate indebtedness in the State of Nevada and most Western states.

16. Foreclosures of deeds of trust are usually nonjudicial proceedings in the State of Nevada, but to prevent a nonjudicial foreclosure sale, the homeowner must seek an injunction against the sale on grounds similar to the grounds which would be used to defend against a foreclosure in a judicial foreclosure state.

17. I have successfully litigated in defense of homeowners in Nevada state court and the United States District Court for the District of Nevada from 2009 to the present.

18. It is my stated goal to keep property owners in possession of their real estate for as long I can legally do so. I believe it is my professional duty to preserve my clients' property rights and I use every legal means to accomplish this goal to the full extent that there are good faith legal and factual positions to be pursued.

19. Through my extensive practice in the area of homeowner defense, I am aware that the issue of mortgage servicers and other agents of purported foreclosure claimants filing false documents in public land records is a serious concern.

20. If I were defending homeowners in a judicial foreclosure state, I would scrutinize the foreclosure claimants' standing to seek the remedy of foreclosure and seek to verify the validity of each document upon which the claim of standing to seek the remedy of foreclosure depends.

21. In the nonjudicial foreclosure state of Nevada, where I practice, I use similar techniques to seek injunctions against wrongful foreclosures.

22. If I discovered evidence that documents upon which the foreclosure action is based were forged, I would defend against the foreclosure action on the basis of the evidence of forgery and would consider it my duty to do so.

23. It is my expert opinion, based on decades of experience in the areas of civil rights, welfare rights and homeowner defense that the defense of homeowners is fraught with the same kinds of difficulty my staff encountered in seeking to advocate for the rights of the minority and low income individuals who my staff represented in 154 rural counties in the state of Georgia, in which each county had different local rules with which we had to comply.

24. Other than the technical difficulties of diverse local rule compliance, the substantive defense of cases which were unpopular at the time often resulted in resistence by local judges and sometimes resulted in unfair sanctions being imposed against my staff, which we would oppose and appeal successfully.

25. In one remarkably drastic case, a county judge in Savannah, Georgia issued a state-wide injunction preventing my staff of 40 lawyers from appearing in any cases in the 154 counties of the state of Georgia covered the organization for which I was the Director of the Welfare Law and Civil Rights for Georgia Legal Services until we obtained relief from the injunction.

26. Because the issue of attack on the rights of lawyers representing their clients in unpopular causes is so significant to the functioning of this Republic, we were able to obtain representation for our cause from one of the most conservative lawyers, who would ordinarily have little sympathy for our cause.

27. Homeowner defense cases involve an understanding of complex commercial law, real estate law, constitutional law, civil procedure and the rules of evidence, which can challenge even the most experienced lawyer in their application.

28. I offer this Declaration as an expert witness in the area of foreclosure defense and based on my experience in supervising lawyers engaged in the litigation of cases which go against the conventional wisdom of the judiciary at a given time.

29. I was contacted by Wendy Alison Nora (Ms. Nora) on April 2, 2017 to represent the Harkey Operating Trust, a Minnesota Business Trust (the Trust), as special litigation counsel for the Trust in its Chapter 11 case then pending in the United States Bankruptcy Court for the District of Minnesota.

30. The Trust claims had assets consisting of the causes of action for wrongful foreclosure, one of which was being litigated on several causes of action, including federal RICO, Nevada RICO, fraud, quiet title and unjust enrichment against some of major participants in the foreclosure process in the United States District Court for the District of Nevada in Case No. 2:14-cv-00177 titled *Harkey v. U.S. Bank, N.A. as Trustee for the CSMC Mortgage-Backed Trust 2007-6, et al.* (the Federal District Court Action) then pending on appeal to the United States Circuit Court of Appeals for the Ninth Circuit (the Circuit Court Appeals).

31. I was approved as special counsel for the Trust in the Federal District Court Action

and the Circuit Court of Appeals by the Minnesota Bankruptcy Court.

32. Since April 2, 2017, I have had regular contact with Ms. Nora.

33. In my opinion, having practiced law in multiple jurisdictions over more than four (4) decades and having supervised over one hundred lawyers in my career, Ms. Nora has impeccable integrity.

34. I have observed that Ms. Nora conducts in-depth and comprehensive investigation of all factual issues and supports her factual allegations with substantial evidence.

35. In addition, I have observed that Ms. Nora is an able legal researcher and writer.

36. In my opinion, Ms. Nora has a thorough understanding of the complex issues involved in foreclosure defense and litigation.

37. I understand from Ms. Nora that these proceedings have been initiated to bar her from appearing in any new cases before this Court.

38. While I have not reviewed the charges against Ms. Nora or the documents facts which I understand were certain facts were specified on February 15, 2018 for a hearing now scheduled for February 23, 2018, I am confident that any mistake this Court perceives that Ms. Nora might have made in the conduct of her practice before this Court was not the result of unethical behavior, substandard character or inferior learning.

39. Ms. Nora has advised me that she is in the process of reviewing twelve (12) cases about which this Court has expressed concern and that in many of the cases there appears to be a misunderstanding of her conduct.

40. Ms. Nora advises that in several of the cases, she was not the attorney of record at the time events about which the Court expressed concern occurred and, in the case which appears to

6

have triggered the Order to Show Cause, she did not write the language which this Court found objectionable, but did approve the language used by her co-counsel, which they both believe to be true.

41. Ms. Nora further advises that she has had health issues, and that those issues affected her performance from time to time over the past decade.

42. I was also informed of the recent health issues Ms. Nora has experienced due to a head injury last year, and I know that she was trying to obtain time to recover from the injury, but nevertheless remained available to assist me in handling my responsibilities as counsel for the Trust of which she is one of the Co-Trustees, by providing me with all information I needed to proceed as special counsel for the Trust.

43. To the extent that Ms. Nora made mistakes in her practice before this Court, my experience with Ms. Nora is that her character is such that she will freely admit her mistakes and will take all necessary steps to avoid repetition of the same mistakes.

44. If, on the other hand, this Court has misunderstood Ms. Nora's conduct before it, I urge the Court to provide Ms. Nora with a complete and thorough opportunity to respond to its recently specified concerns, including oral examination of Ms. Nora, under oath, and to carefully consider all of the documentary evidence she is able to produce in support of her defenses to any suggestion of misconduct in her defense of homeowners.

45. I am willing to appear in person to be examined on any aspect of this Declaration, but due to a recent bout with the influenza virus, I am just returning to the office, on a limited basis on the date of this Declaration.

46. I respectfully request that the Court grant me leave to appear as an expert witness in

the area of foreclosure defense or, in the alternative, as a fact and character witness for Ms. Nora at the hearing by telephone on February 23, 2018.

Dated at Carson City, Nevada this 20th day of February, 2018.

*Wayne Pressel*
Wayne M. Pressel
Law Office of Wayne M. Pressel, Chtd.
3094 Research Way, Suite 61
Carson City, Nevada 89706
Phone: (775) 883-4745
Email: wayne@pressel-law.com
Nevada Bar No. 11685