IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Bankruptcy Matter of:

Steven Robert Lisse
  Debtor-Appellant
v.

HSBC Bank USA, National Association for the
benefit of Ace Securities Corp. Home Equity Loan
Trust, Series 2006-NC3, Asset Backed Pass-
Through Certificates
  Creditor-Appellee

Case Number: 3:16-cv-00617-wmc

## CORRECTED MOTION TO RECOVER DAMAGES AND COSTS OF FRIVOLOUS APPEAL PURSUANT TO BANKRUTPCY RULE 8020 AND 28 U.S.C. § 1927

NOW COMES HSBC Bank USA, National Association for the benefit of Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates (hereinafter "Appellee"), through its attorney, Kenneth W. Bach of Johnson, Blumberg & Associates, LLC, hereby responds to Appellant's Motion to Stay as follows:

Pursuant to the Court's orders dated January 22, 2018 and February 6, 2018, statutory costs have been awarded to Appellee, but the Court has not determined whether Appellant or Appellant's counsel should be obligated to pay.

Appellee hereby makes its request to have such costs borne by Appellant pursuant to Bankruptcy Rule 8020 as well as Appellant's counsel under 28 U.S.C. § 1927. Rule 8020 permits a district court to award "just damages and single or double costs to the appellee" if it determines the appeal is frivolous. 28 U.S.C. § 1927 permits the Court to impose costs, expenses and attorneys' fees against an attorney that "unreasonably and vexatiously" "multiplies proceedings."

Both forms of sanctions above clearly apply as this appeal was frivolous *in toto* and involved "needless motion practice" over "satellite skirmishes" (which continue unabated despite

the cases's dismissal and an Order to Show Cause entered against counsel) intended to drag out

the appeal.  As the Court has declared that costs "have already been awarded," Appellee will not

belabor these points at this time, reserving its argument for the supporting brief due March 12,

2018, should Appellant object.


      Appellee requests an award of the following costs of this appeal:

Drafting & filing Response to Motion for Summary Reversal: 2 hours @ $175 per hour
Drafting & filing Response to Motion to Deliver Note: 2 hours @ $175 per hour
Drafting & filing Designation of Record: 1 hour @ $175 per hour
Drafting & filing Amended Designation of Record: 1 hour @$175 per hour
Drafting & filing Motion to Dismiss: .5 hour @ $175 per hour
Drafting & filing Response to Motion to Stay Appeal: 1 hour @ $175 per hour
Drafting & filing Motion to Recover Costs and Brief in Support: 3 hours @ $175 per hour
(estimated)
Total: 10.5 hours; $1,837.50

      Appellee's request is intended to be conservative by omitting any time spent reviewing

the voluminous filings of Appellant to avoid a "satellite skirmish" over proving how much time

was spent reviewing each document.  Appellee includes routine items such as the Designation of

Record in its request because the appeal was frivolous *in toto*.


      Regarding whether costs should be imposed on Appellant or counsel, Appellee believes

the most appropriate course of action is to sanction both.

      There are two separate bases for authority for the sanction, Rule 8020 expressly allows

for double costs.  As such, an award against both the Appellant and counsel would be consistent

and appropriate under these authorities.

      This case is not a situation where an attorney's misconduct occurred without the

knowledge or consent of the client.  From the beginning of the underlying foreclosure through

the end of this bankruptcy appeal, the Lisses have attempted to defend against Appellant with some variation on the frivolous claim that they owed the debt to someone else.  This began with the Lisses' answer in the foreclosure case, filed *pro se*. (*See* Answer and Affirmative Defenses, attached hereto as Exhibit A, ¶¶11-12).  Under the handling of attorney Dave Golden, this argument evolved somewhat to "DB Structured Products owns the note"; "[Appellant] went into the vault of a bank and got [the note]" and "the signatures are not the originals…we believe it's a photocopy." (*See* Transcript of Proceedings, attached hereto as Exhibit B at 6-7, 10, 14.)  Before this Court, attorney Nora has argued that the Note Appellee relies upon is a forgery.  This same argument is presently being advocated by attorney Reed Peterson in the Lisses' attempts to have the state judgment vacated. (*See* Brief in Support of Defendant's Motions, attached hereto as Exhibit C, at 1).

Additionally, the strategy of attempting to delay the proceedings began before the involvement of Attorney Nora and has continued since.  The foreclosure action was filed in May 2010 and was kept from judgment until April 2014 by exhaustive discovery. (*See* Court of Appeals decision ¶¶ 2-5, attached hereto as Exhibit D.)  In the resumed foreclosure action presently pending in state court, the attorney Peterson chose not to ask the court to consider the "new evidence" of alleged fraud until the eve of confirmation of the sale, even though the Wickstrom Affidavit has been around since September 2016, the transparent reason being that raising the issue in 2016 would not have resulted in a delay of proceedings.

The pattern of meritless argument and dilatory tactics in the Lisses' other cases makes it clear that the strategy carried out before this Court is not the result of an attorney gone rogue. The Lisses are also the ultimate beneficiaries of this strategy, which has succeeded in allowing them to live at the property at issue for more than 6 years without paying. (*See* Proof of Claim

Attachment, Part 5 (loan history), attached hereto as Exhibit E, showing last payment received

November 14, 2011).

The preceding, however, in no way mitigates the misconduct of counsel that this Court

wishes to sanction. Therefore, Appellee requests an award of double costs, with Appellant and

counsel each responsible for half the total amount.

WHEREFORE, HSBC Bank USA, National Association for the benefit of Ace Securities Corp.

Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates requests

that this Court award double costs to Appellee, and for any other relief the Court finds just.

Respectfully submitted this twenty-first day of February, 2018,

/s/ Kenneth W. Bach

Kenneth W. Bach, ARDC #6295816
Attorney for HSBC Bank USA, National
Association for the benefit of Ace Securities
Corp. Home Equity Loan Trust, Series 2006-
NC3, Asset Backed Pass-Through Certificates

Kenneth W. Bach
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Bankruptcy Matter of:

Steven Robert Lisse
  Debtor-Appellant
v.

HSBC Bank USA, National Association for the
benefit of Ace Securities Corp. Home Equity Loan
Trust, Series 2006-NC3, Asset Backed Pass-
Through Certificates
  Creditor-Appellee

Case Number: 3:16-cv-00617-wmc

## CERTIFICATE OF SERVICE

I, Kenneth W. Bach, an attorney, certify that I served the attached response by electronic filing
on or before 5:00 p.m. on February 21, 2018.

/s/ Kenneth W. Bach
Kenneth W. Bach, ARDC #6295816
Attorney for HSBC Bank USA, National
Association for the benefit of Ace Securities Corp.
Home Equity Loan Trust, Series 2006-NC3, Asset
Backed Pass-Through Certificates

Kenneth W. Bach
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE