IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEVEN ROBERT LISSE,

        Debtor-Appellant,

v.

HSBC BANK USA, NATIONAL ASSOCIATION
FOR THE BENFIT OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST, SERIES 2006-NC3,
ASSET BACKED PASS-THROUGH CERTIFICATES,

        Creditor-Appellee.

OPINION AND ORDER

16-cv-617-wmc

On January 22, 2018, this court granted appellant's motion to dismiss his bankruptcy appeal and awarded statutory costs to the appellee. (*See* Jan. 22, 2018 Order (dkt. #49) 1.) On February 6, the court explained that having "already awarded costs to HSBC," it "ha[d] not yet determined whether appellant Lisse, Attorney Nora or both should be obligated to pay those costs should HSBC seek them." (*See* Feb. 6, 2018 Order (dkt. #54).) In accordance with the briefing schedule for a request for statutory costs, HSBC moved "to recover damages and costs of frivolous appeal pursuant to Bankruptcy Rule 8020 and 28 U.S.C. § 1927" in the amount of $3,675 (double attorneys' fees), with half to be paid by counsel and half by client.[1] (*See generally* Mot. Recover Damages & Costs (dkt. #72).) As Nora and Lisse correctly point out in their responses to that motion, this is not a request for "statutory costs." (*See* Nora Resp. (dkt. #84) at ¶¶ 15-17; Lisse

---

[1] On behalf of himself, Nora's co-counsel, Attorney Peterson, filed an objection to the extent that HSBC's use of "counsel" included him. (Peterson Obj. (dkt. #86) 1-2.) As HSBC clarified that its motion was directed to Lisse and Nora only (*see* Supp. Br. (dkt. #87) 4 n.4), the court need not address Peterson's objection further.

Resp. (dkt. #85) at ¶¶ 6-7.)[2] Accordingly, the court will deem appellee's right to statutory costs waived and take up its request for attorneys' fees in this opinion.

HSBC first moves for an attorney's fees award under Bankruptcy Rule 8020. (Mot. Recover Damages & Costs (dkt. #72) 1.) Following "a separately filed motion or notice from the court and reasonable opportunity to respond," a district court may "award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a). This would include an award of attorneys' fees. *See In re Bussom-Sokolik*, 635 F.3d 261, 271 & n.5 (7th Cir. 2011) (recognizing "the reasonableness of the decision to award sanctions and the reasonableness of [appellee's] fees" and that "an award of attorney's fees may be necessary to fulfill the deterrent purposes of Rule 8020" (internal citation and quotation marks omitted)).[3] An appeal is considered "frivolous" "when the result is obvious or when the appellant's arguments are wholly without merit." *Id.* at 270 n.3 (quoting *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir. 1994). In deciding whether to impose sanctions, courts consider a variety of factors, including: evidence of bad faith; whether the argument is meritless *in toto* or whether only part of the argument is frivolous; and whether appellant properly addresses or fails to address issues on appeal, fails to cite authority, cites

---

[2] Nora and Lisse's additional arguments about a future request for costs being untimely need not be addressed, since it has effectively been mooted by appellee's motion.

[3] In *Bussom-Sokolik*, the Seventh Circuit affirmed the district court's decision to impose sanctions under Bankruptcy Rule 8020 based on appellant and his counsel's "numerous and well documented" procedural errors, but reduced the sanction of attorneys' fees ($61,942.50) by half because debtor was a student, neither he nor his attorney acted in bad faith, and the amount was "sizable and would be difficult for many litigants to pay." The remaining amount, the court found "represent[ed] 'just damages'" under Rule 8020. The Seventh Circuit "acknowledge[d] that '[w]hile an award of attorney's fees may be necessary to fulfill the deterrent purposes of Rule 8020, the award should not subject Appellant to financial ruin.'" *Id.* at 271 (quoting *In re Bonfield*, No. C05-136C, 2005 WL 2810702 at *1 (W.D. Wash. Oct. 27, 2005)).

2

inapplicable authority, makes unsubstantiated assertions of fact, makes bald legal conclusions or misrepresents the record. *Id.* at 270 n.4 (quoting *In re Maloni*, 282 B.R. 727, 734 (1st Cir. B.A.P. 2002)).

The second basis under which HSBC requests fess is § 1927 (*see* Mot. Recover Damages & Costs (dkt. #72) 1), which provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.[4] The Seventh Circuit has explained that

> a court has discretion to impose § 1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice"; pursued a claim that is "without a plausible legal or factual basis and lacking in justification"; or "pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound."

*Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (alteration in original) (internal citations omitted). Importantly, as Lisse points out, this sanction is applicable only to attorneys. (Lisse Resp. (dkt. #85) ¶¶ 10-12.)

HSBC argues that it is appropriate to sanction both Nora and Lisse because "this case is not a situation where an attorney's misconduct occurred without the knowledge or consent

---

[4] Attorney Nora argues that HSBC "has not sought an award of attorneys' fees pursuant to 28 U.S.C. sec. 1927" and "requests an evidentiary hearing" if HSBC "is allowed to file a Motion under 28 U.S.C. sec. 1927." (Nora Resp. (dkt. #84) ¶¶ 27, 30.) The court does not understand this argument since HSBC expressly relies on § 1927 as the second basis for its request for attorneys' fees. (*See* Mot. Recover Damages & Costs (dkt. #72) 1.) Regardless, the request for a hearing is denied as unnecessary, since the basis for an award here is based on the frivolous nature of the appeal itself. *See* Fed. R. Bankr. P. 8020(a); *Bussom-Sokolik*, 635 F.3d at 270 n.3. Moreover, Attorney Nora was already given a full hearing on the appropriateness of sanctions based on her conduct in this case. (*See* Minute Entry (dkt. #83); *see also* Supp. Not. (dkt. #66); Jan. 22, 2018 Order (dkt. #49); Jan. 30, 2018 Order (dkt. #51).)

3

of the client." (Mot. Recover Damages & Costs (dkt. #72) 2.) As HSBC explains, throughout the state foreclosure action -- beginning with the Lisses' *pro se* answer -- and continuing through this bankruptcy appeal in federal district court, the Lisses have asserted "some variation" of the forged note argument. As a result, their own dilatory conduct "began before" and "continued since" Attorney Nora's involvement and permitted the Lisses to maintain possession of the property for over six years without mortgage payments. (*See id.* at 3.) As elaborated elsewhere in the record, this appeal was frivolous. (*See* Jan. 22, 2018 Order (dkt. #49) 1; Jan. 18, 2018 Order (dkt. #46) 1; *see also* Supp. Not. (dkt. #66) 1-3 (describing principal basis for February order to show cause).)

Nora and Lisse raise a number of other objections to HSBC's request for an award of attorneys' fees, although none have merit. Their primary argument is that HSBC's request for attorneys' fees is untimely. (*See* Lisse Resp. (dkt. #85) ¶¶ 7-8; Nora Resp. (dkt. #84) ¶¶ 21.[5]) While Lisse and Nora are correct that Rule 54(d)(2)(B)(i) specifies that a request for attorneys' fees must "be filed no later than 14 days after the entry of judgment," Fed. R. Civ. P. 54(d)(2)(B)(1), that deadline "do[es] not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927," Fed. R. Civ. P. 54(d)(2)(E). *See also* Fed. R. Bankr. 7054(b)(2)(A) ("Rule 54(d)(2)(A)-(C) and (E) . . . appl[y] in adversary proceedings except for the reference in Rule 54(d)(2)(C) to Rule 78."); Fed. R. Civ. P. 11(b)-(c) (authorizing sanctions for filing papers for "any improper purpose" or making legal contentions not "warranted by existing law or by a

---

[5] Nora quoted Federal Rule 54(d)(2) but failed to elucidate that she was arguing that the request for fees was untimely.

4

nonfrivolous argument for extending, modifying, or reversing existing law").

Likewise, both Nora and Lisse request that HSBC provide the engagement letter between HSBC and Johnson Blumberg & Associates, LLC, with Nora arguing that she has "evidence in her possession" that Attorney Bach and his firm "did not represent" the appellee "in the State Court Foreclosure Action . . . or in this appeal." (Nora Resp. (dkt. #84) ¶ 22; Lisse Resp. (dkt. #85) ¶ 9.) Of course, Attorney Bach and his firm's role, if any, in representing HSBC in the state foreclosure action is irrelevant to its request to be reimbursed for that firm's work on this appeal. In fact, Attorney Bach and his colleague from the same firm, Christina E. Demakopoulos, are each listed on ECF as HSBC's "lead attorney," and Bach has made numerous filings on HSBC's behalf on this appeal. Further, the request for fees at $175/hour for only 10.5 hours is reasonable, if not modest, in terms of both rate and hours spent, especially in light of the satellite skirmishes dredged up by Attorney Nora.[6] Thus, there is no reason for the court to require Bach or HSBC to provide underlying documents outlining their attorney-client relationship. Indeed, under the circumstances, this request appears to be yet another attempt to delay through a satellite skirmish, and the court refuses to engage.

Finally, Nora and Lisse attempt to revive arguments that the court already rejected. For example, both again argue that the conclusion that Lisse's appeal was "frivolous or, at best vexatious" was not supported by the record because the court has not held a hearing.

---

[6] HSBC explains that its "request is intended to be conservative by omitting any time spent reviewing the voluminous filings of Appellant to avoid a 'satellite skirmish' over proving how much time was spent reviewing each document," but "includes routine items such as the Designation of Record [] because the appeal was frivolous *in toto*." (Mot. Recover Damages & Costs (dkt. #72) 2.)

(Nora Resp. (dkt. #84) ¶ 10; Lisse Resp. (dkt. #85) 1.)[7]  However, both plaintiff and his attorney have had ample opportunity to explain themselves already, and conducting another hearing would not change the result.

Nora and Lisse also reprise their argument that (1) the note was fraudulent and (2) Lisse only obtained evidence of the forgery after the bankruptcy confirmation hearing. (Lisse Resp. (dkt. #85) ¶¶ 14-15; *see also* Nora Resp. (dkt. #84) ¶ 11 (arguing that the statement in the motion to dismiss concerning "additional facts" becoming known after the confirmation hearing was not disingenuous but rather a "candid and simply frank [statement]"); ¶ 32 (stating she had a duty to help Lisse get "admissible evidence" that the note "was a forgery").)[8]  Similarly, Nora argues that "Lisse has the right to establish the identity of the real party in interest entitled to receive the benefit of the payment or performance of the security interest in his Homestead" under state law, "because a stranger to the June 28, 2005 transaction with New Century Mortgage Corporation" sought "the remedy of foreclosure" in state court, and she "has a duty to assist him." (Nora Resp. (dkt. #84) ¶ 31.)  Likewise, Lisse "does not dispute that he has sought relief inconsistent with the state court's judgment," arguing that the judgment "could not and would not have been granted if the state court knew the purported original note was a forgery when it issued its judgment." (Lisse Resp. (dkt. #85) ¶ 13.)

---

[7] Lisse takes this argument a step further, arguing that the court failed to conduct a hearing to determine the extent of his own contribution to the frivolous or vexatious nature of the appeal. (Lisse Resp. (dkt. #85) 1.)

[8] Lisse takes this argument a step further, adding that HSBC has not disputed that the note was fraudulent (*id.* ¶ 16) -- another argument raised before.

6

Next, Nora again argues that she was required to file the document examiner's expert report under 18 U.S.C. § 4 because she, Lisse and Wickstrom "had personal knowledge that one or more federal felonies had been committed in WI WB Case No. 16-10935." (Nora Resp. (dkt. #84) ¶ 33.) Considering the facts and circumstances, as well as Nora's history of dilatory litigation in foreclosure-related cases, this argument is frivolous as well. So, too, is Nora's attempt to reprise her argument that *Attorney Peterson* drafted the motion to dismiss, and she merely had given permission for him to attach her electronic signature thereto. (*Id.* ¶¶ 2, 9.) As the court explained at the order to show cause hearing, Nora is responsible for papers filed with her signature.

Lastly, Nora alleges that she filed Lisse's bankruptcy appeal "so that he could reorganize in Chapter 13." (*Id.* ¶ 34.) As Lisse's motion to stay (dkt. #45) acknowledges, however, his case "involve[d] the same fundamental issue" as his wife's appeals before Judge Peterson. *See Lisse v. Select Portfolio Serv., Inc.*, Nos. 17-cv-206-jdp, 17-cv-207-jdp, 17-cv-208-jdp, 2017 U.S. Dist. LEXIS 200196, at *12-*18 (W.D. Wis. Dec. 5, 2017). So this argument is unconvincing. As HSBC aptly observed, "[o]ne would have to imagine that, if Appellant was here to have Judge Martin's ruling overturned, he would have moved expeditiously to place the issue before this Court to get the vindication he claims to seek. Justice delayed is, after all, justice denied." (Supp. Br. (dkt. #87) 2.)

As this court has already, repeatedly explained, the appropriate forum for Lisse to challenge the state court decision concerning the note was the state court. The *only* federal court able to review state-court decisions is the United States Supreme Court -- not the

federal district court for the Western District of Wisconsin.[9]

Thus, the award of HSBC's attorneys' fees is appropriate.

ORDER

IT IS ORDERED that Appellee HSBC's request for costs and damages (dkt.#72) is GRANTED IN PART AND DENIED IN PART. Appellant Steven Lisse and Attorney Wendy Alison Nora are ORDERED jointly and severally liable for $1,837.50.

Entered this 22nd day of March, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[9] As Lisse and Nora both acknowledge, the state court declined to require an evidentiary hearing on the numerous motions attacking its earlier decision and confirmed the sheriff's sale. (Nora Resp. (dkt. #84) ¶ 14; Lisse Resp. (dkt. #85) ¶ 16.)